## CASSIDY *v.* CASSIDY.

1. DIVORCE—APPEARANCE ENTITLES DEFENDANT TO NOTICE OF PROCEEDINGS—WAIVER.

> A defendant in a divorce suit who has appeared in the case is entitled to notice of proceedings therein, but this is a right which may be waived.[1]

2. SAME—NOTICE—WAIVER.

> Where the defendant in a divorce suit told plaintiff's attorney that he did not desire to contest the case, and on the day following the taking of testimony was informed by plaintiff's attorney that the case had been heard and what the decree would be, and took no further steps, he waived notice of the taking of testimony and settlement of decree in plaintiff's favor.[2]

[1]Divorce, 19 C. J. § 371 (Anno); [2]Id., 19 C. J. §§ 371 (Anno), 407 (Anno).

3. SAME—DEFAULT—MOTION TO SET ASIDE DEFAULT AND DECREE
    PROPERLY DENIED—LACHES.

> Where the defendant in a divorce suit told plaintiff's at-
> torney that he did not intend to contest the case, his de-
> fault was entered and he made no move until several
> months after the decree was entered, when he was called
> upon to contribute to the support of the minor children
> whose custody was awarded to the wife, the court below
> properly denied his motion to set aside the default and
> decree.[3]

Appeal from Mecosta; Barton (Joseph), J. Sub-
mitted April 14, 1926. (Docket No. 100.) Decided
June 7, 1926.

Bill by Rose M. Cassidy against Bernard I. Cassidy
for a divorce. From an order denying a motion to
set aside a *pro confesso* decree, defendant appeals.
Affirmed.

*Fred R. Everett,* for plaintiff.

*Charles H. Goggin (Penny & Worcester,* of counsel),
for defendant.

FELLOWS, J. In this case plaintiff filed her bill for
divorce April 21, 1925. There was personal service
and defendant appeared in the case by the late Francis
McNamara of Mt. Pleasant. On April 28th copy of
the bill was served on Mr. McNamara by mail. No
answer or other pleading on behalf of defendant having
been filed, on July 1st his default was entered upon
an affidavit of default and one of regularity, and copies
of the default papers were mailed Mr. McNamara.
On the same day testimony on behalf of plaintiff was
taken before the circuit judge. While it is not made
to clearly appear it is to be inferred that the judge
then indicated the decree which should be later entered.
No notice of the taking of this testimony or the settling

---

[3]Divorce, 19 C. J. § 410.

of the decree was given.    On July 21st, decree was
filed granting plaintiff a divorce, custody of the minor
children, four in number, and an allowance of $30
a month for their support.    On December 15th, de-
fendant was adjudged guilty of contempt for failure
to comply with the decree requiring payment for the
support of the children.    On December 26th, defend-
ant filed a motion to set aside the default and decree
accompanied by a sworn answer.    This motion was
denied December 31st, and this appeal is from the
denial of such motion.    It is here insisted as it was
in the court below, that the decree was void because
of failure to give notice of the default, the taking of
the testimony, and the settling of the decree.    It is
further insisted that in any event the trial judge
abused his discretion in not granting the motion.

As already stated, the copies of the default papers
were actually served by mail on Mr. McNamara al-
though affidavit of that fact was not filed until the
hearing of the motion.    It is not claimed that notice
of taking testimony or of the settlement of the decree
was given.    It appears by the concession of counsel
that the contempt proceedings were adjusted.

We find no difficulty in subscribing to the contention
of defendant's counsel that a defendant who has ap-
peared in a case is entitled to notice of proceedings
therein.    But this is a right which may be waived by
the party and we are satisfied it was waived by this
defendant here.    Upon the hearing of the motion it
was made to appear, and without dispute, that shortly
before the entry of default defendant personally called
on plaintiff's attorney and told him that he did not
desire to contest plaintiff's case; that he had at first
intended to do so but had changed his mind and re-
quested plaintiff's counsel to inform him when it had
been heard; that the day following the taking of the
testimony plaintiff's attorney informed him that the

case had been heard and what the decree would be. This was nearly three weeks before the entry of the decree and defendant took no steps except as above related several months after the decree was entered. Under these circumstances we are not persuaded that defendant can complain of a want of notice of the taking of the testimony or the settlement of the decree.

Nor are we persuaded that the trial judge abused his discretion in refusing to set aside the default and decree. There was considerable laches in making the application. Defendant had concluded, and so advised plaintiff's attorney, that he did not desire to contest the case. He apparently did not reach any other conclusion until he was called upon to aid in the support of the children in accordance with the terms of the decree, of which terms he had been informed before its entry. It is quite likely that he was surprised and doubtless displeased when committed for contempt, and shortly thereafter filed this petition. We cannot say upon the whole record that the trial judge did not make the proper order. In fact we are persuaded that he did quite the right thing.

The order will be affirmed, with costs of this court.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.