## Clover Fork Coal Company v. Ayres, et al.

(Decided March 25, 1927.)

### Appeal from Harlan Circuit Court.

1. Master and Servant.—In order to entitle parents of deceased employee to benefit of Workmen's Compensation Act (Ky. Stats., sections 4880-4987 as amended), it is not necessary that their dependency be total, or that they have no other means of support.

2. Master and Servant.—Test of dependency of deceased employee's parents is whether contributions by employee were used for the support of the family, and whether they were necessary; the claimant's station in life and earnings being considered.

3. Master and Servant.—If contributions of deceased employee to his parents were more than offset by support rendered by the parents, there was no dependency.

4. Master and Servant.—Evidence showing deceased employee's contribution of his earnings, amounting to about $80 a month, to his parents, who furnished him support, held to show only a partial dependency, and judgment allowing parents maximum amount of compensation erroneous.

SAMPSON & SAMPSON for appellant.

J. S. GOLDEN and G. I. RADER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Clyde Ayres, while employed by the appellant, Clover Fork Coal Company, received an injury on October 1, 1925, which resulted in his death on October 3, 1925.

On November 6, 1925, the appellees, M. H. Ayres and Minnie Ayres, parents of the deceased employee, filed before the compensation board their application for the adjustment of their claim for compensation on the ground that they were dependents of their deceased son.

The Workmen's Compensation Board found that the deceased employee did not earn salary in excess of the amount of money it took to support himself and that the claimants were not actual dependents upon him and their application was dismissed. They filed their petition for review in the Harlan circuit court and that court rendered a judgment setting aside the award of the board on the ground that it was not sustained by any evidence and ordering that the claimants be allowed the maximum amount of compensation.

The claimants testified that their deceased son made his home with them and turned over to them all of his earnings, which, during the year preceding his death, had averaged $80.00 per month; that he paid no board and that his father bought and paid for his clothes out of the earnings turned over by him. The father, who was also employed by the appellant, admitted that his earnings averaged from $80 to $120 per month, and the records of the appellant company disclose that from October 1, 1924, to August 1, 1925, the earnings of appellee, M. H. Ayres, amounted to $1,506.05. Appellant claims there was competent evidence to sustain the finding of fact made by the board and that the circuit court was without jurisdiction to disturb the award.

The board based its finding upon the fact that the records of appellant showed that the deceased employee's earnings did not equal $80.00 per month. The records of the company, however, were never introduced in evidence, but the appellee, M. H. Ayres, was asked on cross-examination if the records of the company did not show that his son earned certain amounts during certain months. The appellee answered that he did not know what the records of the company showed, and these records never having been introduced in evidence, there was no competent evidence warranting the finding of the board that the earnings of the deceased employee were less than $80.00 per month.

While the evidence is not satisfactory it tends to show that if the deceased employee contributed as much as $80.00 per month to his parents, that the sum so contributed was in excess of the cost of his support. Parents are not in the class of persons who are conclusively presumed to be dependent upon a deceased employee, under our statute, but whether or not they are dependent in whole or in part must be determined in accordance with the facts of each case existing at the time of the accident. In order to entitle them to the benefit of the statute it is not necessary that their dependency be total nor that they have no other means of support. Parents earning wages may be partially dependent upon the earnings of their child within the meaning of the act, and the cases quite uniformly hold that mere ability of the claimant to earn a livelihood does not show there was no dependency, and partial dependency may exist even though the evidence shows the claimant could have been sustained without the contribution of the deceased employee.

The test of dependency is, were the contributions used for the support of the family and were they necessary, the claimant's station in life being considered, and were the claimant's earnings sufficient to sustain himself and family in a manner befitting his class and position in life without such contributions? Of course if such contributions are more than offset by the support rendered by the parents, then there is no dependency.

In 28 R. C. L. 779, the rule as to dependency of parents is thus stated:

"Whether a parent is dependent upon his or her child is a question of fact, which is to be determined from the circumstances of the particular case. Dependency may be predicated on the support furnished by a minor child as well as one that is an adult, and a state of dependency may exist although the applicant was living with the other spouse, and was supported in part only by the child's earnings. And it is not essential to show exactly what proportion of the parent's living expenses was contributed by the child. Inasmuch as dependency is not based upon absolute necessity, a father may be found to be dependent upon the earnings of a son who had given his wages to the father, although the latter might also be earning wages which could have supported him and his family. But a parent cannot be said to be dependent where it appears that he is enabled to save money out of his child's wages, after having paid all of the latter's expenses."

In Conners v. Public Service Electric Co. (N. J.), 97 Atl. 792, it was held that it is a legitimate inference that the family was deriving substantial benefit of the deceased son where he voluntarily gave all of his wages into the common fund and the amount so contributed was more than his board and lodging, and it is immaterial that the parents also work and contribute their earnings to the family fund. In State, ex rel. Ernest Fleckenstein Brewing Co. v. District Court (Minn.), 159 N. W. 755, the facts were that a boy of 17 earned $7.50 a week and gave it all to his parents and lived with them, receiving his lodging, board and clothing; that his father earned $18.00 a week. The court held that the facts were sufficient to sustain a finding that the parents regularly derived a part of their support from the wages of the deceased son and were partially dependent upon him.

Other cases in harmony with the views herein expressed are: Blanton v. Wheeler & Howes Co. (Conn.), 99 Atl. 494; Texas Employers' Insurance Association v. Peterson (Tex.), 251 S. W. 572; Jones v. Texas Employers' Insurance Association (Tex.), 268 S. W. 1004; Poe v. Sloss-Sheffield Steel and Iron Co. (Ala.), 101 So. 608; Peabody Coal Co. v. Industrial Commission (Ill.), 143 N. E. 90; Henry's Case (Me.), 126 Atl. 286.

Giving the fullest effect to the evidence for the appellees, they were only partially dependent upon the deceased employee, since the amount of his contributions only slightly exceeded the support rendered by them. The circuit court, therefore, erred in directing that claimants be allowed the maximum amount of compensation. The record is not in shape for an adjudication as to the amount, if any, that claimants are entitled to as partial dependents, and upon a return of the case the board will permit the parties to introduce additional proof if they so desire.

Judgment reversed for futher proceedings consistent herewith.