**POCAHONTAS FUEL CO., Inc., et al. v. MONAHAN, Deputy Commissioner, et al.**

**No. 2435.**

Circuit Court of Appeals, First Circuit.

May 17, 1930.

William B. Mahoney, of Portland, Me., for appellants.

Edward J. Harrigan, of Portland, Me., for interveners.

Frederick R. Dyer, U. S. Atty., and William D. Nulty and William W. Gallagher, Asst. U. S. Attys., all of Portland, Me., for Deputy Commissioner.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is a bill in equity brought under section 21 of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1436 (33 USCA § 921), to set aside an award of compensation made by the Deputy Commissioner under the provisions of that act.

John King, a longshoreman, died on September 13, 1928, as a result of an accident suffered in the course of his employment. On due proceedings, the Deputy Commissioner awarded, on the basis of the decedent's average weekly wage of $27, to his father, Michael, and to his mother, Margaret, $6.75 per week each, and to his minor sister, Anna (born September 5, 1913) $4.05. The decedent's employer and its insurance company thereupon brought proceedings to set aside the award. The beneficiaries intervened, and on full hearing the court below ordered the bill dismissed with costs August 3, 1929; the main contention then was of inadequate evidence to establish the fact of injury in the course of his employment. On application of the plaintiffs, the court reconsidered the question of dependency, and in a careful opinion affirmed its former conclusion October 9, 1929. The sole question presented on this appeal is that of dependency.

The facts are practically undisputed. The King family consisted of a father, 67 years old, and four children, including the deceased. Two of the children were at work, and paying board at $5 and $7 a week, respectively, to their mother. The father worked more or less, and contributed to the family purse perhaps $16 a week on an average. The mother was treasurer or business

manager of the family, paid the rent, $30 a month, $5 a week for insurance, and did the marketing. The decedent turned over to his mother about $20 a week which, with the father's earnings of about $16, and assuming that the two children at work paid the full cost of their board, left for the four other members of the family, after the payment of the rent and the insurance, about $24 a week. Without any compensation, this would be reduced to about $4 a week for the support of the father, mother, and minor daughter.

This, in outline, was the evidence on dependency. The appellants' contention is that the finding of the Deputy Commissioner, affirmed by the court below, is unwarranted, as matter of law.

Appellants' learned counsel concede that the finding of the Commissioner is conclusive, if there is any evidence to support it. By section 23 (33 USCA § 923) it is provided that the Deputy Commissioner shall not be bound by the rules of evidence, but may make such investigation and inquiry as he thinks necessary for the speedy determination of the rights of the parties.

Both on principle and on the weight of authority we think the court below was right in sustaining the finding of the Deputy Commissioner. The legal duty of the surviving father was to support his wife and minor child. The act does not require entire dependency; partial dependency is enough. It is indisputable that without the wages of the dead son (or compensation approximating his contribution) the family would be reduced to a state of pinching poverty. The act is, of course, remedial and entitled to a liberal construction.

We do not regard the fact that the father was possibly earning sufficient money to support himself alone as the test of his dependency. It was as much his legal duty to support his wife and minor child as to support himself. If his earnings were inadequate for that threefold burden, there was partial dependency by him and the other two dependents, as the Deputy Commissioner held.

While the cases of Klein v. Brooklyn Heights R. R. Co., 188 App. Div. 509, 177 N. Y. S. 67, and Frear v. Ells, 200 App. Div. 239, 193 N. Y. S. 324, lend some support to the appellants' contention, the weight of authority is against this construction of the act. See Conners v. Public Service Electric Co., 89 N. J. Law, 99, 97 A. 792; Walz v. Holbrook, Cabot & Rollins Corp., 170 App. Div. 6, 155 N. Y. S. 703; Fennimore et al. v. Pittsburg-Scammon Coal Co., 100 Kan. 372,

164 S. W. 265; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S. W. 803; Ex parte Sloss-Sheffield Steel & Iron Co., 212 Ala. 3, 101 So. 608; In re Peters, 65 Ind. App. 174, 116 N. E. 848; Hamilton v. Texas Co., 151 La. 692, 92 So. 301.

We think the award of the Deputy Commissioner and the decisions last cited are more in harmony with the spirit of the act than the two New York cases on which appellants rely.

The decrees of the District Court are affirmed, with costs of appeal to the interveners.