**TEXAS EMPLOYERS' INS. ASS'N v. SHEPPEARD et al.**

No. 6751.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1932.

Lee M. Sharrar and J. Newton Rayzor, both of Houston, Tex., for appellant.

H. M. Holden, U. S. Atty., and A. D. Dyess, both of Houston, Tex., and Lewis H. Jones, of Corpus Christi, Tex., for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant, the insurer of the Southern Stevedoring & Contracting Company under the Longshoremen's and Harbor Workers' Compensation Act (44 Stat. 1424, 33 USCA § 901 et seq.), filed its bill challenging an award made by an appellee, a deputy commissioner under that act, in favor of Frank Eskridge, the father, and Mary Eskridge, the stepmother of Jesse Eskridge, who died as a result of personal injuries received by him while in the employ of said Southern Stevedoring & Contracting Company as a longshoreman and while at work aboard the steamship Bradburn then lying at the port of Corpus Christi in navigable waters of the United States. It appears from the record that the sole ground of attack on the award was the asserted absence of a relation of dependency between the deceased's father and stepmother and himself. It was not controverted that the death of the deceased arose out of and in the course of his employment, and resulted from injuries which occurred on the navigable waters of the United States, or that, when he sustained such injuries, he was an employee of the insured in maritime employment. A reversal of the decree sustaining the deputy commissioner's award was sought on the grounds that the court erred in refusing to grant a trial de novo and to admit evidence on the question of dependency vel non in addition to that taken before the deputy commissioner, and that the evidence taken before the deputy commissioner did not warrant his findings that the deceased's father and his stepmother were dependent for support on him.

That the right or power conferred by the statute to award against an employer or his insurer compensation for the death of an employee resulting from an injury which occurred on navigable waters of the United States was not conditioned upon the employee, at the time of his injury or death, having a dependent or dependents, is shown by the provision of the act as to the payment into a special fund provided for of $1,000 required to be paid by each employer "as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death." 33 USCA § 944 (c) (1). The facts being such that it was within the scope of the authority conferred on the deputy commissioner to make a compensation award, whether his finding on the controverted issue of dependency was one way or another, the fact in controversy is not in the same category as facts the existence of which is a condition precedent to his having the power to make any award. The controverted question of fact was such a one that the deputy commissioner's findings thereon, if supported by evidence, were final. Crowell v. Benson, 285 U. S. 22, 46, 54, 52 S. Ct. 285, 76 L. Ed. 598. The attack on the award having been based solely on the asserted incorrectness of the deputy commissioner's findings of fact on the issue of dependency, as to which evidence was adduced in the hearing before him, it was not error to refuse to grant a trial de novo or to admit evidence in addition to that submitted in that hearing.

The following appeared from evidence taken before the deputy commissioner: At the time of his death the deceased was a childless widower about thirty years of age. For about a year and a half before his death he had been living at Corpus Christi, where he worked as a longshoreman when he could get work. That work was not regular, and at times he was not earning anything. His father, Frank Eskridge, was fifty-five years old at the time of the deceased's death. The father lived at La Marque, Tex., in a home owned by himself, located on a lot containing an acre and a quarter of ground, on which some vegetables were raised. The father's family consisted of himself, his wife, Mary Eskridge, the stepmother of the deceased, an unmarried daughter, eighteen years old, and a grandson, twelve years old. The daughter and grandson earned nothing, and contributed nothing to the support of the family. The father was the janitor of the LaMarque white school, receiving a salary of $55 a month during the nine months school term. He had no regular work during the school vacation, but during that time did such odd jobs of carpenter work as he could get. Sometimes the stepmother earned a dollar a week by washing clothes. Before the death of his wife in 1925, the deceased was a member of his father's household and contributed to the support of the family. During the year prior to his death he gave his father between eighty and ninety dollars in amounts varying from five to nine dollars, the deceased having told his father that he would help him when he needed help. Those gifts were made at intervals of about a month, and were made with substantial regularity, except when the deceased was unable to send money by reason of his being out of work. Those contributions were needed for the support of the family in its customary mode of life and were used for that purpose. The father and stepmother looked forward to getting money from the deceased at intervals of about a month to help in paying their living expenses. During the year prior to his death the deceased visited his father's home seven or eight times, the visits usually lasting from about two or three days to a week, one visit lasting nearly a month. When he was at home on a visit he would buy groceries for the use of the family, enough to last two or three weeks, and would work about the place. Once or twice he sent his father some shirts, and he gave his father an old Essex car, parts from which the father sold.

The deceased having been a childless widower at the time of his injury, awards in favor of his father and stepmother were allowable if at that time they were dependent on him. 33 USCA §§ 902 (15), 909 (d). Awards in their favor were allowable though they were not wholly dependent on the deceased, as under the act partial dependency is enough to justify a compensation award. Within the meaning of the act the father and stepmother of the deceased may have been partially dependent on him, though his contributions were not necessary to enable them to be supported without the help of another or others. The fact that much the larger part of the money used in the support of the family was supplied by the father was not inconsistent with the father and stepmother being partial dependents of the deceased if the contributions the latter was in the habit of making were required to enable them to meet the reasonably necessary expenses of living in the way to which they were accustomed, and they looked forward to and relied on the continuance of such contributions for their support. Pocahontas Fuel Co. v. Monahan (C. C. A.) 41 F.(2d) 48; Michigan Transit Corporation v. Brown (D. C.) 56 F.(2d) 200; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S. W. 803; Kostamo v. H. G. Christman Co., 214 Mich. 652, 183 N. W. 902; Janesville Sand & Gravel Co. v. Industrial Commission, 62 A. L. R. 156, 173, note; 28 R. C. L. 771, 772. The question of dependency is one of fact in the determination of which all the circumstances of the particular case are to be considered. We think it cannot reasonably be said that above indicated evidence taken before the deputy commissioner furnished no substantial support for findings that the father and stepmother of the deceased, at the time of his injury and death, were dependent on him for part of their means of living in the way to which they were accustomed. The questioned findings of fact by the deputy commissioner, being supported by evidence and within the scope of his authority, were final. Benson v. Crowell, supra.

No reversible error being shown by the record, the decree is affirmed.