### HARRIS et al. v. HOAGE.
### No. 5753.

Court of Appeals of the District of Columbia.
Decided June 30, 1933.

Norman Fischer, Leroy S. Bendheim, Stanley H. Fischer, and Frank H. Myers, all of Washington, D. C., for appellants.

Leo A. Rover, John J. Wilson, and George E. C. Hayes, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia dismissing appellants' bill to set aside an award by appellee, as Deputy United States Compensation Commissioner for the District, to Mrs. Annie Mae Simmons and to Edward Simmons, respectively, mother and stepfather of Emmett Wilson, deceased. The award was made pursuant to the provisions of the Act of May 17, 1928 (45 Stat. 600, D. C. Code, title 19, §§ 11, 12, 33 USCA § 901 note), making the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, 44 Stat. 1424, 33 U. S. C. §§ 901–950 [33 USCA §§ 901–950]) applicable as a workmen's compensation law in the District.

Emmett Wilson, also known as William Patterson, on July 21, 1931, while in the employ of the appellant Harris as a laborer in the District, sustained injuries, which it is conceded arose out of and occurred in the course of his employment, and which resulted in his death. On August 29, 1931, Mrs. Simmons, his mother, filed claim for compensation, of which appellants (plaintiffs below) were duly notified, and a hearing was had before the Deputy Commissioner on November 16, 1931. The Constitution Indemnity Company of Philadelphia, the insurance carrier of the employer, and an appellant here, contested the claim on behalf of the employer as well as in its own behalf. It denied liability for compensation on the ground that the claimant was not dependent upon her deceased son. The Deputy Commissioner toward the conclusion of the testimony for the claimant (the insurance carrier having no witnesses) directed counsel for the claimant to amend the claim by having Mrs. Simmons file a claim in behalf of her husband, Edward Simmons, to which amendment appellants made no objection.

The Commissioner on November 20, 1931, made a compensation order, finding "that Mrs. Annie Mae Simmons, surviving mother, born in February 1879, and Edward Simmons, surviving stepfather, date of birth not known, were dependent upon the deceased employee for support at the time of his death," and awarded compensation to each claimant.

Appellants then filed their bill in the court below under section 21 (b) of the act (44 Stat. 1424, 33 U. S. C. § 921 (b), 33 USCA § 921 (b). The transcript of the testimony before the Deputy Commissioner and his compensation order were made a part of the bill of complaint. Thereupon defendant (appellee here) moved to dismiss the bill on the ground that plaintiffs were not entitled to relief against the award of the Deputy Commissioner. The court below sustained the motion and entered a decree dismissing the bill, from which this appeal was taken.

Appellants contend that there was no substantial proof to support the finding of the Deputy Commissioner that Edward Simmons and Annie Mae Simmons were dependent upon the deceased employee for support.

But Mrs. Annie Mae Simmons, the claimant (an illiterate witness), testified that she resided in Pittsburgh, Pa.; was 52 years of

age, and the mother of Emmett Wilson (deceased employee) by her first marriage. That at the time of his death Emmett was 34 years of age. Mrs. Simmons' first husband died when her son Emmett was 7 years of age (about 1904). After she moved to Pittsburgh from Georgia in 1917 she married Edward Simmons, with whom she has since lived. For the past four years her husband has been afflicted with paralysis of the brain and has been unable to work. Until her son came to Washington, about July 7, 1931, he had been living with her in Pittsburgh and had been receiving aid and employment through the municipal authorities.

Mrs. Simmons further testified that from July 1930 to July 1931 her son could obtain little work, but whenever he obtained employment he would give her money, the amount varying from month to month during that period between $12 and $35 per month. During the summer of 1930 he had a job with a construction company for four months, and out of his pay he gave her $125; from a job he had with Bush and Flynn covering two pay days he gave her $35; from another job for the city of Pittsburgh he gave her $24; and that two weeks before he came to Washington he gave her $24. This money was something to carry on with in the house, and not to pay any debt; that he had sent her nothing from Washington, but that he had had no pay days on his Washington work before he was killed.

Mrs. Simmons further testified that her own sporadic earnings as a house cleaner, by which she got $2 or $3 per day for an average employment of two days per week, did not suffice for the living of herself and her husband, who was wholly unable to work, even unable to stand, and for whose medicine much of her earnings were spent. Another witness, a neighbor and relative of the claimant testified that he had seen the son give the claimant money on pay days seven or eight times, and that the son had tried to borrow money from him for the household expenses of his mother and his stepfather.

We are of opinion that the foregoing testimony constitutes substantial evidence in support of the finding of the deputy commissioner that the deceased employee's mother and stepfather were partially dependent upon him for support at the time of his injury, and his finding therefore is binding upon us. Crowell v. Benson, 285 U. S. 22, 52 S. Ct. 285, 76 L. Ed. 598; L'Hote v. Crowell, 286 U. S. 528, 52 S. Ct. 499, 76 L. Ed. 1270; Voehl

v. Indemnity Ins. Co. of North America, 288 U. S. 162, 53 S. Ct. 380, 77 L. Ed. 676.

■ And a partial dependency falls within the statute as well as a complete or total dependency.

In Texas Employers' Ins. Ass'n v. Sheppeard, 62 F.(2d) 122, 124 (5th C. C. A.), a proceeding under the Longshoremen's and Harbor Workers' Act, it was held that awards in favor of the deceased employee's father and stepmother were allowable "though they were not wholly dependent on the deceased, as under the act partial dependency is enough to justify a compensation award. Within the meaning of the act the father and stepmother of the deceased may have been partially dependent on him, though his contributions were not necessary to enable them to be supported without the help of another or others"; that the father and stepmother were partial dependents of the deceased "if the contributions the latter was in the habit of making were required to enable them to meet the reasonably necessary expenses of living in the way to which they were accustomed, and they looked forward to and relied on the continuance of such contributions for their support." Pocahontas Fuel Co. v. Monahan (C. C. A.) 41 F.(2d) 48; Michigan Transit Corporation v. Brown (D. C.) 56 F.(2d) 200; Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 292 S. W. 803; Kostamo v. H. G. Christman Co., 214 Mich. 652, 183 N. W. 902; Janesville Sand & Gravel Co. v. Industrial Commission, 197 Wis. 421, 222 N. W. 317, 62 A. L. R. 156, 173, note; 28 R. C. L. 771, 772.

■ The appellants further contend that the action of the Deputy Commissioner in permitting the claim to be amended by adding the name of the stepfather as a claimant was in effect the filing of a new claim in his behalf, and that appellants under the statute were therefore entitled to ten days' notice before hearing thereon (section 19 (c), 33 US CA § 919 (c).

When the witnesses for the claimant had nearly concluded their testimony, the Deputy Commissioner of his own motion indicated his opinion that a showing had been made for the stepfather as dependent upon the deceased, and directed counsel for claimant to amend the claim by having Mrs. Simmons file a claim in behalf of her husband. Appellants made no objection to this amendment and went forward with the new issue thus raised, and having participated in the proceedings to a final conclusion before the Dep-

uty Commissioner they waived their right to the statutory notice.

"The service of the notice, however, as prescribed by the statute, may be waived, and the waiver can be shown by parol evidence. If the plaintiff or his agent or attorney had appeared at the time and place appointed, and had made no objection as to the service, there would have been a waiver. * * * 'The judgment creditor is always at liberty to waive formalities that are intended for his security, if he should see fit to do so.'" Kalbritan v. Padover, 264 Mass. 26, 161 N. E. 898. See, also, Anaconda Copper Min. Co. v. Ravalli County, 56 Mont. 530, 186 P. 332; Cassidy v. Cassidy, 235 Mich. 223, 209 N. W. 79.

█ Appellants also contend that there is no evidence to support the finding of the Deputy Commissioner that Edward Simmons was stepfather of the deceased employee. But his mother testified that following the death of her first husband, and after she had moved to Pittsburgh from Georgia in 1917, she married Edward Simmons, with whom she had ever since lived. While Evans Simmons testified that his brother, Edward, was the husband of decedent's mother; and had continuously lived with her and the deceased since 1924, which uncontradicted testimony is sufficient to support the finding of the Commissioner.

Upon the whole record we are of opinion that the evidence substantially supports the findings of the Deputy Commissioner; that his order is "in accordance with law"; and that the decree dismissing the bill to set it aside must be affirmed.

Affirmed.