LONDON GUARANTEE & ACCIDENT CO., Limited, v. HOAGE, Deputy Commissioner, United States Employees' Compensation Commission, et al.

No. 6235.

United States Court of Appeals for the District of Columbia.

Argued Nov. 12, 1934.

Decided Dec. 17, 1934.

Edwin A. Swingle and Ernest A. Swingle, both of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., J. J. Wilson, Asst. U. S. Atty., Leonard A. Block, and James G. Dance, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Torlief Holtane was an iron worker employed in the erection of a building in Washington city. On the 26th day of June, 1933, he sustained, in the course of his employment, an injury which resulted in his death. The Deputy Commissioner made a separate award of compensation to his father and to his mother. The father's name was Albert Holtane, the mother's Borghild Holtane. The award to the father and the award to the mother were based on a finding of dependency, as to which the Commissioner stated that the evidence established that the contributions of the employee were necessary to support the surviving parents, and that there was sufficient evidence upon which to base the conclusion the parents were dependents at the time of his death. As the finding is based on the whole evidence, we must ourselves have recourse to it to determine if there is any to support the conclusion. Liberty Mut. Ins. Co. v. Hoage, 62 App. D. C. 189, 65 F.(2d) 822; Fidelity & Casualty Co. v. Burris, 61 App. D. C. 228, 59 F.(2d) 1042; Lumbermen's Mutual Cas.

Co. v. Hoage, 61 App. D. C. 171, 58 F.(2d) 1072. The record consists of the testimony of the father, mother, and brother of deceased. The father and mother had three sons; the eldest, Torlief, was 22 years of age when he sustained the injury resulting in his death. The next, Carl, was 20; and Bjarne, the youngest, was 17. They all lived together. The father, Torlief, and Carl were ironworkers, and worked for the same employer. The father and Torlief each received $66 a week, except that the father for a considerable part of the time worked as a foreman at $77 a week. Carl was paid $38.50 a week, all of which his father received because he was not then 21 years of age.

Torlief gave his mother about thirty-five or forty dollars a week, out of which she paid his living expenses. In addition, he paid for an insurance policy in which his father was the beneficiary, and maintained a savings account which, at the time of his death, contained several hundred dollars. The family kept no records of the housekeeping disbursements, but the father and mother estimated the expenses of maintaining the family at approximately $4,000 a year. All of this, apparently, was paid out of a fund handled by the mother and recruited from time to time by the wages, in whole or in part, of the father and the two sons. There was enough left to permit regular contributions of $40 a month to indigent relatives.

 The Compensation Act (Longshoremen's and Harbor Workers' Compensation Act [33 USCA § 901 et seq.]) provides that all questions of dependency shall be determined as of the time of the injury (section 909 (f). We think the word "dependent," as used in the statute, does not include one who, by the exercise of such efforts as he reasonably ought to exert, is able to sustain himself and his family in a manner befitting his position in life. Gherardi v. Connecticut Co., 92 Conn. 454, 103 A. 668. In other words, that one whose own efforts produce sufficient means to supply the reasonable necessities of himself and family, according to their position in life, is not a dependent within the meaning of the statute. We do not mean to be understood as intimating that the mere possession of the bare necessities of life is sufficient to take one out of the role of dependency where other circumstances bring that condition into operation, nor to confine our definition of dependents to those persons who are not able to support life without assistance, for if in fact they depend on such assistance as a part of their means of living, and help from others is necessary to sustain them in the position in which they are accustomed to live, they would, as we think, be properly classed as dependents under the statute. Having regard to this definition, we think it manifest that the father was not a dependent. As we have seen, the father was receiving, at the period of his son's death, wages on his own account and for his minor son's account in excess of $100 a week, and he had been steadily receiving such wages during nearly a year prior to the death of his son.

The very liberal estimate of the expenses of his family, including the cost and operation of an automobile, doctors and dentists, insurance, and storage, was considerably less than this sum, and, according to the statements of himself and his wife, he had been able for a long time to contribute to less fortunate relatives here and abroad a considerable sum of money monthly. We think the statute intended that the award to each of the enumerated beneficiaries should be for the relief and support of each such person, so that in a case like this it is not enough to show that the father has indirectly received money from his son. The test is rather whether the son's contribution was necessary and relied on by the father for his support or to enable him to discharge the legal duty of support to those dependent on him. Here the evidence establishes clearly that the son gave the father nothing, but delivered approximately half his weekly wages to his mother. To the extent that she used this money as a common fund for the support of the family, the burden of the father was lightened, but this mere fact, in view of the other facts we have mentioned, cannot make him a dependent.

 The case of the mother presents a somewhat different problem. She had neither property nor income and was wholly dependent on others for her maintenance, and, while it is true her husband owed her the duty of support and had the means to discharge it, the evidence liberally construed in favor of her claim, as we think it should be, may be said to show that she relied on and received from her son regular monthly sums of money, which she used and required in part for her support. That she lived better and more comfortably as the result of the son's contribution does not destroy her claim of partial dependency. It is enough if she depended and relied on what he gave to

enable her to enjoy the ordinary and reasonable necessities of life suitable to a person in her position. This, as we think, the evidence shows. In this view, we have concluded to affirm the separate allowance to the mother, but to reject it in the case of the father.

Affirmed in part; reversed in part and remanded to the Supreme Court of the District of Columbia, with instructions to enter an order in conformity with this opinion. Cost to be equally divided between appellant and appellee Albert Holtane.