**MARYLAND DRYDOCK CO. v. PARKER, Deputy Compensation Commissioner, et al.**

No. 2460.

District Court, D. Maryland.

March 15, 1941.

Semmes, Bowen & Semmes, Harold Tschudi, and David R. Owen, all of Baltimore, Md., for plaintiff.

LeRoy E. Gerding, Bernard J. Flynn, U. S. Atty., and T. Barton Harrington, Asst. U. S. Atty., all of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

This is a suit by the Maryland Drydock Company, Inc., employer and self-insurer, brought to review an order of the Deputy Commissioner under the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C.A. §§ 901–950, awarding compensation to three minor children of an employee of the Maryland Drydock Company, who died on August 5th, 1940, as a result of injuries received in the course of his employment as a machinist helper on a vessel in Baltimore Harbor.

There is no dispute as to the facts, or as to the amount of the award. The sole question is whether the minor children are, by the provisions of the statute, proper beneficiaries of the award. The employer claims that they are not, because not dependent in fact upon their father, the deceased employee, at the time of his death. The Deputy Commissioner held that dependency in fact was not a prerequisite, but was presumed. The employer relies upon the fact that at the time of the employee's death, the support of his children had been assumed by their stepfather, upon whom they had become wholly dependent.

It appears that the deceased employee was married in 1923, and had three children who at the date of his death were aged, respectively, sixteen, fourteen and eleven. In 1931, the father deserted his family, and in 1934 the mother obtained an absolute divorce, the custody of the children being awarded to her and the father being charged with their maintenance and support. The mother remarried the same year, since which time the children's own father has contributed nothing towards their support, and they have lived with, and been entirely dependent upon, their stepfather. Notwithstanding the terms of the divorce decree, the mother received no support from her first husband subsequent to their divorce, or in fact for more than a year prior thereto, and had nothing further to do with him. By virtue of her remarriage prior to the death of her first husband, it is conceded that the mother has no standing herself as a claimant under the act.

We find that the position taken by the Deputy Commissioner is sound, and that therefore the award must be affirmed.

The question is an extremely narrow one and is to be determined by the words employed in the statute. Section 2, sub-section 14, of the statute, 33 U.S.C.A. § 902 (14), is as follows: " 'Child' shall include a posthumous child, a child legally adopted prior to the injury of the employee, a child in relation to whom the deceased employee stood in loco parentis for at least one year prior to the time of injury, and a stepchild or acknowledged illegitimate child *dependent* upon the deceased, but does not include married children unless *wholly dependent* on him. 'Grandchild' means a child as above defined of a child as above defined. 'Brother' and 'sister' includes stepbrothers and stepsisters, half brothers and half sisters, and brothers and sisters by adoption, but does not include married brothers nor married sisters unless *wholly dependent* on the employee. *'Child', 'grandchild', 'brother', and 'sister' include only persons who are under eighteen years of age, and also persons who, though eighteen years of age or over, are wholly dependent upon the deceased employee and incapable of self-support by reason of mental or physical disability."* (Italics inserted.)

It will thus be noted that dependency is specifically omitted as a prerequisite for compensation to a "child" under eighteen years of age, the contrary being true with respect to a "child" eighteen years of age or over. Likewise, this section provides that "child" shall include a "stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him [the employee]." Further definitions given of those standing in various other relationships to the employee are seen to embrace similar conditions with respect to total dependency. Therefore, it cannot reasonably be said that a failure to make the same provision with respect to children under eighteen years of age was not intentional, or that the language employed is to be affected or controlled by any phraseology elsewhere found in the act, as for example subsection (12) of Section 2 of the Act which defines "compensation" as "the money allowance payable to an employee or to his dependents as provided for in this chapter * * *."

The view here adopted is further strengthened by the language employed in the section of the act pursuant to which the award here contested was made by the Deputy Commissioner, namely, Section 9 (c), 33 U.S.C.A. § 909(c), which is as follows: "If there be a surviving child or children of the deceased, but no surviving wife or dependent husband, then for the support of each such child 15 per centum of the wages of the deceased: Provided, That the aggregate shall in no case exceed 66⅔ per centum of such wages." Also, the section providing for compensation in the event of injury resulting in permanent disabilities of specified types, notwithstanding death may have followed, but due to causes other than the injury, which section is as follows, is further evidence of a clear intent to eliminate the question of dependency in fact where minor children are concerned, Sec. 8, 33 U.S.C.A. § 908(d) (2) (4):

"Any compensation to which any claimant would be entitled under subdivision (c) excepting subdivision (c–21) shall, notwithstanding death arising from causes other than the injury, be payable to and for the benefit of the persons following:

\* \* \* \* , \* \* \*

"(2) If there be a surviving wife or dependent husband and surviving child or children of the deceased under the age of eighteen years, one half shall be payable to the surviving wife or dependent husband and the other half to the surviving child or children.

\* \* \* \* \* \* \*

"(4) If there be a surviving child or children of the deceased under the age of eighteen years, but no surviving wife or dependent husband, then to such child or children."

▮ It is firmly settled by the law of Maryland that a father is under a common-law primary obligation to support a minor child without regard to other means of support that such child may have, or to a decree divorcing the parents unless such decree makes other provision for the child's support. Kriedo v. Kriedo, 159 Md. 229, 150 A. 720. Nevertheless, the employer in the present case contends that since the *absence* of a legal duty to support is generally recognized to be of no significance in those cases where the particular relationship requires a determination that there was dependency in fact, therefore the *presence* of such a legal duty should be no more significant. The employer relies upon such cases as Pocahontas Fuel Co. v. Monahan, 1 Cir., 41 F.2d 48; Michigan Transit Corp.

v. Brown, D.C., 56 F.2d 200; Texas Employers' Insurance Association v. Sheppeard, 5 Cir., 62 F.2d 122; Harris v. Hoage, 62 App.D.C. 275, 66 F.2d 801; and London Guarantee & Accident Co., Ltd. v. Hoage, 64 App.D.C. 105, 75 F.2d 236. In other words, since in those cases the application of the principle just mentioned benefited the claimants, it is here contended that application of the same principle should not be denied where it benefits the employer. But obviously these decisions are not applicable to the present situation where we are dealing with a different relationship with respect to which, by the express language of the statute, dependency in fact is excluded as a condition precedent to the right to compensation.

There appears to be no reported decision covering precisely the present situation with relation to the Longshoremen's and Harbor Workers' Compensation Act. That very fact is not without some significance. It would seem to indicate, prima facie, that the present award is proper, because we may reasonably assume that numerous situations akin to the present one have arisen elsewhere, from time to time. The Deputy Commissioner himself has stated that one or two such cases have previously arisen under his jurisdiction; that he has made a similar award; and that it has not been contested. In any event, the question is a very narrow one and clearly must be answered by the language of the statute itself. In Crockett v. International Ry. Co., 176 App. Div. 45, 162 N.Y.S. 357, pages 358, 359, a corresponding section of the New York Workmen's Compensation Act, § 16, Consol.Laws, c. 67, containing language virtually identical with that here under consideration in the federal statute, was construed, and although that decision did not deal directly with the question of the dependency of minor children but with the dependency of a wife, the reasoning and conclusion of the court support the position here taken, and the following quotations from the court's opinion are directly applicable to the present case:

"Undoubtedly the term 'dependents' is very frequently used in the statute as including wife and children. Instances to that effect are numerous. Death benefits payable to wife and children, however, in no respect rest upon the question of their dependency. That very clearly appears from said section 16. Death benefits under that section to all other persons rest on the dependency of such person or persons to the deceased employé. That is true of husband, parents, brothers, sisters, grandparents, or grandchildren of the deceased. But a surviving wife and children under 18 years of age are entitled to an award, although they may be wealthy. The distinction exists because of the legal and moral responsibility of a husband and father to support his wife and children, irrespective of their individual means of support. The phraseology of section 16 clearly indicates this distinction, and when, therefore, in the closing sentence of that section, it is stated, 'All questions of dependency shall be determined as of the time of the accident,' the term 'dependency,' as there used, should be restricted in its application to the same class of people to whom the term has previously been applied throughout the same section. It does not apply to surviving wife and children, because as to them the question of dependency is immaterial.

"Questions of dependency are frequently questions of fact, and it was the purpose of the Legislature in the last sentence of section 16 to fix a time with reference to which that question of fact should be determined. But this question of dependency never can arise in the case of a surviving wife or children, for the reason that section 16 gives them a right to the award irrespective of that question.

\*      \*      \*      \*      \*      \*      \*

▮ "One of the fundamental rules in the construction of a statute is to consider the effects or consequences of the interpretation placed on such statute. The reasoning which would exclude this wife from the benefits of this statute simply because she was not a wife until after her husband received the injury which eventually caused his death would likewise in some cases exclude children from the benefits of the statute. A child under the statute includes a posthumous child. Section 3, subd. 11. But suppose a man married before an injury lives a year or longer after such injury, and then dies in consequence thereof, and in the meantime a child or children be born to him before his death, such child or children would have to be excluded from the benefits of this statute, if the widow in this case is to be excluded therefrom. It is unthinkable that the Legislature intended such a result."

An order will be signed affirming the award of the Deputy Commissioner.