**WENDE et al. v. McMANIGAL, Deputy Com'r, U. S. Employees' Compensation Commission, et al.**

**No. 221.**

Circuit Court of Appeals, Second Circuit.

April 30, 1943.

152

Brown, Ely & Richards, of Buffalo, N. Y., for appellants.

George L. Grobe, of Buffalo, N. Y., for Kenneth G. McManigal, appellee.

Hubert E. Collins, of Tonawanda, N. Y., for Frank H. and Leontine Schweitzer, appellees.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ Partial dependence is sufficient. Texas Employers' Insurance Association v. Sheppeard, 5 Cir., 62 F.2d 122, 124; London Guarantee & Accident Co. v. Hoage, 64 App.D.C. 105, 75 F.2d 236.

█ There was substantial evidence to support appellee's finding of such dependency, taking into account the ages of the father and mother, the earnings of the father and of the other children and the fact that decedent had been contributing to the parents more than what he cost them. It does not preclude dependence that the father was earning enough to support himself alone, since he owed a duty to support his wife. Pocahontas Fuel Co. v. Monahan, 1 Cir., 41 F.2d 48. Parents are dependent if their own resources are not sufficient to support them, even if they receive help from their other children. To be sure, the parents were not dependent in the sense that they would have been destitute without decedent's financial assistance. But that is not the test; the test is whether his contribution was in whole or in part a means of maintaining them in the manner in which they had been living and whether they looked forward to and relied upon the continuance of decedent's contributions to that end. Michigan Transit Corporation v. Brown, D.C., 56 F.2d 200; Texas Employers' Insurance Association v. Sheppeard, supra; cases decided by the New York courts construing the New York Workmen's Compensation Law we do not regard as authoritative.

Affirmed.