## McCann et al. v. Whipple Coal Co. et al.

### Nov. 12, 1943.

G. G. Rawlings for appellants.

James Sampson, James W. Smith and J. W. Craft for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellants are, respectively, the father, mother, brother, and sister of Robert McCann, who was accidently killed while employed by the appellee, Whipple Coal Company; and this appeal is from a judgment of

the Circuit Court affirming a finding of the Workmen's Compensation Board denying them compensation on the ground that they had failed to show dependency.

The decedent was eighteen years of age, unmarried, and a member of the father's household at the time of the fatal accident, which, it is stipulated, arose out of and in the course of his employment. He had worked for the appellee Coal Company only six days before he was killed, and, during that period, had earned $37.91 in wages. His father, the appellant, Clyde McCann, was also an employee of that Company, earning average wages, and, during the ninety days preceding his son's death, had earned $245.83. The testimony as to the amount of the decedent's previous earnings and the contributions made by him to his family's support was extremely unsatisfactory; but, giving it the full effect claimed by appellants, it showed that he had earned during the entire year preceding his death not more than $113, of which he had expended at least some small part for clothing and tobacco. Clyde McCann, the father, testified that board and lodging in the community was reasonably worth $1.20 per day, and while it was obvious that this would have been an extortionate charge to have made against a member of his family, considering the character of the accommodations, it cannot be doubted that a charge of 30 cents per day (which would have consumed practically all of the dead son's earnings) would hardly have paid for the food which he consumed. Clover Fork Coal Co. v. Ayres, 219 Ky. 326, 293 S. W. 803.

Appellants argue that since the decedent's earnings during the six days preceding his death were in excess of any reasonable charge that could have been made for board and lodging during that period, his contribution to the family's support in excess of benefits received, and the consequent degree of their dependency, should be determined as of that period. But this argument overlooks the fact that appellants, themselves, claimed that their dependency existed throughout the preceding year, thus rendering inevitable the application of the statutory requirement that partial dependency "shall be determined by the proportion of the earnings of the employe which have been contributed to such partial dependent during one year next preceding the date of injury." Of course, if the family's

dependency had arisen from a decrease in the father's earning capacity, and had existed for less than a year prior to the son's death, the Board could have applied the provision of the statute that "if the relation of partial dependency did not exist for one year next preceding the date of injury, the board shall consider all the facts and circumstances and fix such proportion as is fair and reasonable." KRS 342.070, Paragraph (3) (b). In any event, nothing has been shown which would justify us in disturbing the Board's finding.

Judgment affirmed.