**NORFOLK SHIPBUILDING & DRY DOCK CORPORATION v. PARKER, Deputy Com'r, United States Employees' Compensation Commission.**

No. 5456.

Circuit Court of Appeals, Fourth Circuit.

April 8, 1946.

W. E. Kyle, of Norfolk, Va., for appellant.

Samuel D. Slade, Atty., Department of Justice, of Washington, D. C. (Harry H. Holt, Jr., U. S. Atty., and Llewellyn S. Richardson, Asst. U. S. Atty., both of Norfolk, Va., and W. E. Boote, Chief Counsel, U. S. Employees' Compensation Commission, and Herbert P. Miller, Asst. Chief Counsel, both of New York City, on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

SOPER, Circuit Judge.

This is an appeal from a judgment wherein the District Court dismissed the corporation's petition to review a compensation award of the Deputy Commissioner wherein he found that the mother of a deceased workman was partially dependent upon him and entitled to an award of a biweekly payment of $18.76. The ground of the appeal is that no substantial evidence in support of the award was offered at the hearing before the Commissioner held under the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

A claim for death benefits was filed under the Act by the mother of Walter S. Bruce, Jr., who was fatally burned on October 27, 1944 while employed as a welder by the appellant. The Deputy Commissioner found that at the time of the injury the mother was partially dependent upon the son, and awarded her 25% of his week-

ly wage as limited by the statute, 33 U.S.C.A. § 909. The findings were in part as follows:

"That the average annual earnings of Walter S. Bruce, Jr., at the time of his injury amounted to the sum of $2477.28 with an average weekly wage of $47.64;

That Lillie C. Bruce, born August 26, 1895, is the mother of Walter S. Bruce, Jr., deceased;

That up to the time of his death, Walter S. Bruce, Jr. lived with his mother; for more than a year before July 29, 1944, when he married, he contributed to his mother the sum of $10 per week; after marriage and upon bringing his wife to live with him at his mother's home, he contributed to her the sum of $15 per week; the mother furnished room and board to the son, and to the son and his wife after their marriage;

That the mother has been a widow for the past three years and keeps her own home, a small six-room frame dwelling, which was purchased by her husband and herself shortly before the husband's death for the price of $3250, a down payment being made of $350, with monthly payments thereafter of $35; until the advent of the son's wife into the household the family, in addition to the deceased son, consisted of the mother, a daughter, age 18, and a younger son, age 13; in addition to the contributions of the deceased son, the mother's other income was as follows: $25.35 per month widow's social security allowance; $16.90 per month social security allowance for the minor son, $35 per month allotment made by another son serving in the Navy, $5 per week board paid by the 18-year old daughter. Converted to a weekly basis this additional income amounted to $22.83; the mother, as treasurer of the household, used all of her income to meet her household obligations and personal expenses, including food, heat, light, repairs, insurance, personal clothing, and the other miscellaneous expenses common to a household; the only expense paid out by the mother from the deceased son's contribution was the sum expended for the actual cost of food consumed by the son to the date of his marriage, and thereafter the additional amount occasioned by the daughter's-in-law presence; no accounts were kept by the mother covering her food budget, but the weekly sum contributed by the son was appreciably in excess of her cash outlay for his, and later, his wife's share of the food budget; that this net amount was a material aid to the mother and she relied upon same;

That at the time of the son's injury and death the mother was partially dependent upon him; that as a dependent mother she is entitled to receive death benefits at the rate of $9.38 per week; that accrued death benefits for the elapsed period, October 30, 1944 to December 31, 1944, inclusive, nine weeks, amount to $84.42."

These findings were based on testimony of the mother to the effect that she used the full amount of the money paid to her by her deceased son in the home and in paying bills for food and other household expenses, and that while she kept no accounts she felt after his death the lack of the money which he had paid to her in his lifetime and realized that she did not have as much to spend for the family as she had had prior to his death. The appellant contends that since the mother did not furnish any figures to show the amount spent by her for food in the household, or to show that the weekly payments of $15 by the son exceeded the cost of the meals and other expenses entailed by reason of the presence of himself and his wife in the family circle, therefore there was no substantial evidence to support the finding of dependency. We do not think that this argument is tenable. There was enough in the record to support the conclusion of the Deputy Commissioner that the expense of housing and feeding the family of five, including the son and his wife, was more easily borne with the weekly payment of $15 included in the family budget than it was after the payment ceased and the son and his wife no longer were members of the family. That indeed was the substance of the mother's testimony; and it does not appear that the general household expenses, other than food, were substantially greater because of the presence of the son and his wife in the family group.

The appellant suggests that after the son's death the mother could have more than made up the loss of income derived from him by furnishing room and board to an outside couple at more than $15 per week. We do not understand that dependency, as a term as used in the statute, is to be determined on such a basis. The statute expressly provides, 33 U.S.C.A. §§ 909(f), that all questions of dependency shall be de-

termined as of the time of the injury; and it is generally held under compensation acts that the right of a parent to death benefits does not turn upon the ability of the parent to support life after the death of the child, but recovery is allowed where the parent depended, at least in part, for the maintenance of his accustomed standard of living upon the contributions of the deceased. London Guarantee & Accident Co. v. Hoage, 64 App.D.C. 105, 75 F.2d 236; State Engineering Co. v. Harris, 157 Md. 487, 146 A. 392; Pushor v. American Ry. Exp. Co., 149 Minn. 308, 183 N.W. 839.

In the instant case the evidence indicates partial dependency upon the assistance of the son and partial dependency is sufficient to support an award of the percentage of the wages of the deceased specified in the statute. Harris v. Hoage, 62 App.D.C. 275, 66 F.2d 801; Texas Employers' Ins. Ass'n v. Sheppeard, 5 Cir., 62 F.2d 122; Pocahontas Fuel Co., Inc. v. Monahan, 1 Cir., 41 F.2d 48.

Affirmed.