**OTTENSTEIN et al. v. BRITTON, Deputy Com'r, et al.**

No. 9304.

United States Court of Appeals District of Columbia.

Argued Jan. 20, 1947.

Decided Feb. 10, 1947.

---

254

Mr. Richard W. Galiher, of Washington, D. C., with whom Mr. Julian H. Reis, of Washington, D. C., was on the brief, for appellant.

Mr. Ward E. Boote, Chief Counsel, of Washington, D. C., Bureau of Employees' Compensation, Federal Security Agency, with whom Messrs. Edward M. Curran, United States Attorney at the time the brief was filed, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee Britton. Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee Britton.

Mr. Thomas C. Bradley, of Washington, D. C., with whom Mr. Thomas C. Bradley, Jr., of Washington, D. C., was on the brief, for appellee Larmer.

Before GRONER, Chief Judge, and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

On January 3, 1943, Robert Larmer, a high school boy seventeen years of age, was employed by appellant, District News Company, of the City of Washington. The other appellant, New Amsterdam Casualty Company, was its insurance carrier. Young Larmer on the day above mentioned, and while in the performance of the duties of his employment, sustained an injury resulting in his death. In due time thereafter his mother, Odessa Larmer, appellee, made claim for compensation as a dependent of deceased, under the provisions of the District of Columbia Compensation Act.[1] The Commissioner found dependency, as required by the statute, and made an award to the mother.[2] The employer and the carrier applied to the District Court for injunction which, after hearing, was denied and the case then brought here.

On this appeal the only question we have to decide is whether there is shown substantial evidence of dependency within the provisions of the Act.

We think the question must be answered in the affirmative. The Commissioner found that the parents of deceased were divorced and that he resided with his mother, that her earnings were insufficient to cover the expense of maintaining herself and her son and that the latter's contribution to the family fund averaged $74.20 per month and that she used and required this monthly sum to pay the ordinary and necessary living expenses of the household.

No useful purpose will be accomplished in itemizing the family budget, for it abundantly appears, as the Commissioner found, that even combining the joint incomes of mother and son, the whole was barely enough to enable the two to live decently and as they were accustomed to live. The Longshoremen's Act does not require that a person claiming benefits shall be wholly dependent,[3] and it specifically provides that the question of dependency shall be determined as of the time of injury.[4]

---

[1] Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, D.C.Code 1940, §§ 36—501, 36—502, 33 U.S.C.A. § 901 note.

[2] Section 9(d) of Longshoremen's Act,

44 Stat. 1429, March 4, 1927, 52 Stat. 1166, June 25, 1938, 33 U.S.C.A. § 909 (d).

[3] Harris v. Hoage, 1933, 62 App.D.C. 275, 277, 66 F.2d 801, 803.

[4] Section 9(f) of the Longshoremen's Act, 33 U.S.C.A. § 909(f).

As these are questions which primarily are for determination by the Commissioner, it is not our duty nor our right to consider and reweigh the evidence. It is enough if it appears that the conclusion of the Commissioner is sustained by competent, substantial evidence. But we need not have recourse here to that rule, for an examination of the record convinces us that at the time of the young man's death his wages were a necessary part of his and his mother's living expenses, and if we take into consideration the constantly increasing cost of living, income taxes and other like matters which the Commissioner did not consider, it is perfectly apparent that financial help from her son was necessary then and now to support and maintain the mother. And so we have a case in which not only are the Commissioner's findings presumed to be correct, but one in which, if we had to decide the question independently, we would necessarily reach the same result. See Norfolk Shipbuilding & Dry Dock Corp. v. Parker, 4 Cir., 1946, 154 F.2d 560; Wende v. McManigal, 2 Cir., 1943, 135 F.2d 151; London Guarantee & Accident Co., Ltd., v. Hoage, 1943, 64 App.D.C. 105, 75 F.2d 236; Harris v. Hoage, supra; Texas Employers' Insurance Ass'n v. Sheppeard, 5 Cir., 1932, 62 F.2d 122; Pocahontas Fuel Co. v. Monahan, 1 Cir., 1930, 41 F.2d 48; Michigan Transit Corp. v. Brown, D.C.W.D.Mich. 1929, 56 F.2d 200.

Affirmed with costs.