Howard Paul MYERS, Infant Grandchild of Nicholas P. Beiser, Deceased, by Barbara B. Myers, his mother, Appellant,

v.

The BETHLEHEM STEEL COMPANY, and Stephen O'Hearne, Deputy Commissioner, Appellees.

No. 7447.

United States Court of Appeals Fourth Circuit.

Argued Nov. 8, 1957.

Decided Dec. 24, 1957.

**616**

Maurice J. Pressman, Baltimore, Md. (Sidney M. Jacobs, Baltimore, Md., on brief), for appellant.

Jesse Slingluff, Jr., Baltimore, Md., for appellee Bethlehem Steel Co.

Martin A. Ferris, III, Asst. U. S. Atty., Baltimore, Md. (Leon H. A. Pierson, U. S. Atty., Baltimore, Md., Stuart Rothman, Sol., W. E. Boote, Asst. Sol., and Herbert P. Miller, Attorney, United States Department of Labor, Washington, D. C., on brief), for appellee Stephen O'Hearne.

Before PARKER, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order of the District Court affirming the action of a Deputy Commissioner rejecting a claim filed under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The claim was filed in behalf of the infant grandchild of one Nicholas P. Beiser, who was killed on February 2, 1955 while working for the Bethlehem Steel Company in Baltimore. The Deputy Commissioner, after hearing evidence in the case, entered an order rejecting the claim on the ground that the claimant was not a qualified legal dependent of the deceased. This order was reversed by the District Judge on the ground that the Deputy Commissioner had misconstrued the law, and the case was remanded for further proceedings. The Deputy Commissioner again rejected the claim, basing the rejection on the ground that the claimant was not dependent in any degree on the deceased at the time of his death; and this order of rejection was affirmed and the action for review dismissed by the District Judge. We think that the learned judge was in error and that the order of the Deputy Commissioner should have been set aside because not supported by the evidence and that the case should have been again remanded to him for further proceedings.

It is well settled that partial dependency will support an award under the statute;[1] and we think that partial dependency is so clearly established by the undisputed evidence in the case that a holding to the contrary cannot be said to have any substantial support. The deceased and his wife had been separated for many years; and, following their separation, he and his infant daughter had gone to live at the boarding house of a Mrs. Klender, where the daughter grew up. When she was seventeen years

1. Norfolk Shipbuilding & Dry Dock Corp. v. Parker, 4 Cir., 154 F.2d 560; Vinnell Corp. of California v. Pillsbury, 9 Cir., 199 F.2d 885; Standard Dredging Corp. v. Henderson, 5 Cir., 150 F.2d 78; Wende v. McManigal, 2 Cir., 135 F.2d 151; Harris v. Hoage, 62 App.D.C. 275, 66 F.2d 801; Texas Employers' Ins. Ass'n v. Sheppeard, 5 Cir., 62 F.2d 122; Pocahontas Fuel Co. v. Monahan, 1 Cir., 41 F.2d 48.

of age she married a shiftless young man who failed to provide for her support or for the support of the child born of the marriage, who is the infant claimant in the case. After several attempts to live with the young man at the homes of his relatives, the daughter gave up any idea of living with him and came back with her child to live with her father at the boarding house of Mrs. Klender. The daughter obtained a job and from her wages paid board for herself and child to Mrs. Klender; but the evidence is uncontradicted that deceased was paying from $8 to $10 per week to Mrs. Klender towards the child's · support, that he bought clothing and shoes for the child and that he paid the medical and hospital bills at the time of its birth.

██ There can be no question but that a normal man in the circumstances of deceased would have felt called upon to aid in the support of the little child of his only daughter, who lived in the boarding house with him; and the evidence is clear that deceased, at the time of his death, was aiding in the support of the child. If he had lived, there can be little doubt but that he would have helped raise and educate the infant claimant; and, as a result of his death the child has unquestionably been deprived of a source of support. We are not impressed by the argument that the child should be deemed to have been supported by the meager earnings of the daughter and that the contributions made by deceased were not necessary to its support and should be considered as mere gifts to the daughter. The evidence shows that they were made for the support of the child. The test, of course, is whether, at the time of deceased's death, claimant "depended, at least in part, for the maintenance of his accustomed standard of living upon the contributions of the deceased." (Norfolk Shipbuilding & Dry Dock Co. v. Parker, 4 Cir., 154 F.2d 560, 562); and we think that this is shown so clearly that there is no basis for a finding to the contrary. The case is a clear one of partial dependency and the order of the Deputy Commissioner holding to the contrary should be set aside and the case remanded to him that a proper award may be entered.

Reversed.