## McGEE v. COLUMBIA BODY CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPEND-
ENTS — WIFE LIVING APART FROM HUSBAND FOR JUSTIFIABLE
CAUSE—EVIDENCE—SUFFICIENCY.

> Testimony that a husband left his wife about 22 years
> before his death to seek employment in another city; that
> he returned after about six years and stayed a few
> months; that his next visit was about four years later,
> when he stayed but a few days; that on each occasion
> marital relations were resumed; that when he left the
> last time he requested her to return with him and she
> consented to do so as soon as he had a home for her
> to live in; that she was at all times ready and willing
> to go and live with him, and she so informed him; that
> she "thought he would always come back;" that she
> "lived in hopes," *held*, to support a finding that she was
> living apart from him for justifiable cause and was there-
> fore a dependent within the meaning of Act No. 64, Pub.
> Acts 1919, amending the workmen's compensation act.

Certiorari to Department of Labor and Industry.
Submitted January 5, 1922.   (Docket No. 25.)   De-
cided March 30, 1922.

Josephine McGee presented her claim for compen-
sation against the Columbia Body Company for the
accidental death of her husband in defendant's em-
ploy.   From an order awarding compensation, de-
fendant and the Michigan Mutual Liability Company,
insurer, bring certiorari.   Affirmed.

*Beaumont, Smith & Harris* (*Hal H. Smith* and
*Albert E. Meder*, of counsel), for appellants.

*Anderson, Wilcox, Lacy & Lawson* (*Ward H. Peck*
and *Fred Kennedy*, of counsel), for appellee.

On the question as to who are dependents within the mean-
ing of workmen's compensation acts, see notes in L. R. A. 1916A,
121, 248; L. R. A. 1917D, 157; L. R. A. 1918F, 483.

SHARPE, J.   Two of the questions considered in *Kirkley* v. *Baking Co.*, *ante*, 307, are presented on this record:

(1)  Was the plaintiff living apart from her husband at the time of his decease for justifiable cause?

(2)  Is the amendment (Act No. 64, Public Acts of 1919) constitutional?

We gave consideration to the brief and argument of counsel for the defendants in this case in deciding the *Kirkley Case*.   What was there said disposes of the second question and the reasoning employed applies to the first.   The facts, however, are somewhat different. The plaintiff and the deceased had been married about 35 years.   He left her about 22 years before his death to seek employment in another city.   She testified:

"He said he would go to look for a job first, and if he would get work, why, he would come back after me."

He returned after about 6 years and stayed a few months.   His next visit was about 4 years later, when he stayed but a few days.   On each of these occasions, marital relations were resumed.   When he left the last time, he requested her to return with him and she consented to do so as soon as he had a home for her to live in.   She was at all times ready and willing to go and live with him and she so informed him.   She did not take any proceedings to compel him to support her because she "thought he would always come back."   She "lived in hopes."   His contributions to her support were but a few dollars occasionally.   There is nothing in this record to indicate that the plaintiff was living apart from her husband with her consent or that she was in any way to blame for their separation.   The proofs support the

finding that she was living apart from him for justifiable cause.

The award is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.