**SOUTHERN RY. CO. v. CARTWRIGHT.**

No. 6304.

United States Court of Appeals for the District of Columbia.

Argued Feb. 6, 1935.

Decided April 15, 1935.

Rehearing Denied May 10, 1935.

George E. Hamilton, John J. Hamilton, George E. Hamilton, Jr., and Henry R. Cower, all of Washington, D. C., for appellant.

Henry Stearman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

HITZ, Associate Justice.

This appeal by the Southern Railway Company, a corporation, is from a decree of the Supreme Court of the District of Columbia, reversing an order of the United States Employees' Compensation Commission.

On January 13, 1933, Thomas J. Cartwright, a clerical employee of the railway company, while at work in one of its offices,

---

[3] See St. Louis-San Francisco R. Co. v. Carros, 207 Ala. 535, 93 So. 445.

fell, struck his head against a desk, and died as a result.

The appellee, Mary E. Cartwright, filed a claim for compensation as his widow, and the claim being controverted a hearing was had.

Appellant's denial of liability was based upon the statutory definition of widows entitled to compensation, which reads as follows (section II): "The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time."

The deputy commissioner's order read in part:

"It is found that the claimant, Mary E. Cartwright, was not living with the employee, neither was she dependent upon him for support at the time of his death; that the claimant failed to establish by evidence that she was living apart for justifiable cause and by reason of his desertion.

"Upon the foregoing findings of fact, it is ordered by the deputy commissioner that the claim for compensation be, and it hereby is, rejected for the following reason: That the claimant failed to establish by evidence that she was living apart from the employee for justifiable cause or by reason of his desertion."

The equity court considered the evidence that was before the commissioner, reversed his order as not in accordance with law, and ordered him to award compensation.

■ Findings of fact by the commissioner, when supported by evidence, present no ground for reversal of his order as not in accordance with law; but findings of fact without such support do. Crowell v. Benson, 285 U. S. 22, 46, 52 S. Ct. 285, 76 L. Ed. 598; L'Hote v. Crowell, 286 U. S. 528, 52 S. Ct. 499, 76 L. Ed. 1270; Voehl v. Indemnity Ins. Co., 288 U. S. 162, 166, 53 S. Ct. 380, 77 L. Ed. 676, 87 A. L. R. 245; Interstate Commerce Commission v. Louisville & N. R. Co., 227 U. S. 88, 92, 33 S. Ct. 185, 57 L. Ed. 431; Fidelity & Cas. Co. v. Burris, 61 App. D. C. 228, 59 F.(2d) 1042; Travelers' Ins. Co. v. Allen (C. C. A.) 237 F. 78.

■ At the time of the husband's death, the wife was living apart from him under circumstances which she contended justified the separation, but which he alleged constituted desertion, so that the commissioner was called upon to determine the character of the separation. For this purpose the record is highly unsatisfactory, but in view of the husband's sudden death, and the unwillingness of counsel for the company to call witnesses which he intimated were available, the lack of further evidence cannot be charged to the wife.

In the last pleading filed, in a divorce suit then pending between the husband and wife, which was her answer and cross-bill, while asserting both her rights and her wrongs, she offered to return to her wifely duties if assured of proper treatment by her husband. This pleading appears to have reached the husband a few minutes before his fatal fall, through a letter from his attorney advising him that a considerable contest was in prospect.

The decedent and the claimant were married for many years, and as a result thereof several children were born; those still living now being adults. With their children they lived in Herndon, Va., until September, 1930, when the claimant took her three daughters to Arizona because one had tuberculosis. That daughter having died, about a year later the claimant and the other two returned to decedent's home, then in McLean, Va.

From that time until February, 1932, the claimant spent much time, both with and without her children, at the home of her sister in the same county, and after that date she never returned to her husband.

She sought legal relief for nonsupport, but abandoned her proceedings; while some time later the husband filed a bill for absolute divorce on the ground of desertion.

The evidence in the case before the commissioner consisted of little else than a brief and jumbled account by the claimant of unhappiness with her husband, and the unsworn bill, answer, and cross-bill in the divorce case.

At that point counsel for the company announced that he relied entirely on the bill, answer, and cross-bill, while the claimant relied on the same pleadings, plus her testimony.

The informal procedure which the statute allows before the commissioner permitted consideration of the divorce proceedings, yet it is unlikely that a compensation commissioner appreciates to the same extent as the courts how much that is contained in such pleadings represents what the pleader hopes to prove, rather than

proof; and none of the pleadings in question was under oath.

If the husband had lived until a hearing on his bill, and had failed to prove his allegations, and if the wife had then proved her allegations, she would have been entitled to a divorce under the statute, if not for desertion, then for cruelty, in the sense that these terms are used in the present practice of the law matrimonial.

While the wife's examination before the commissioner might advantageously have been directed at more length along the lines of her allegations in the answer and cross-bill, she was present and under oath for cross-examination along those lines by counsel for the company, who preferred to rely upon the pleadings.

It may well be that with her husband dead her oral testimony was short and colorless because of reluctance to abuse him, a reluctance which she professed in the cross-bill which his action had forced her to file.

The commissioner had before him the wife's answer, which served as a bill of particulars, in which she described her marriage as "a wretched marital relationship," together with her scant, but sworn, testimony, and her submission to cross-examination. As over against this he had nothing but the husband's unverified bill of complaint, which is evidence of nothing beyond his attorney's power of statement, and we are of opinion that the commissioner's findings of fact are not supported by evidence; that his conclusions are not in accordance with law; and that the decree of the trial court should therefore be affirmed with costs.

Affirmed.