## WEEKS v. BEHREND et al.

### No. 8319.

United States Court of Appeals for the
District of Columbia.

Argued March 4, 1943.

Decided April 19, 1943.

Mr. Emmett L. Sheehan, of Washington, D. C., for appellant.

Mr. James E. McCabe, of Washington, D.C., for appellees.

Before PARKER, Circuit Judge, sitting by designation, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellant's husband died June 23, 1938, of injuries which he suffered as an employee of appellee Behrend. The Deputy Commissioner awarded compensation to appellant as widow. At the suit of the employer and the insurance carrier, the District Court has enjoined the Deputy Commissioner and the widow from enforcing the award. The widow appeals but the Deputy Commissioner does not.

The Compensation Act [1] defines "widow" as including "only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time." [2] A woman must be a "widow" as thus defined in order to be entitled to compensation under § 909(b) as a "surviving wife * * * during widowhood." [3]

The Deputy Commissioner, on sufficient evidence, found that the employee married appellant August 8, 1934, and lived with her some sixteen months [until about December, 1935] in a rooming house which she operated in Washington; that he then left her and moved to another house in Washington; "that the reason for the separation was his desire to obtain employment from the Public Relief Bureau, and his belief that he would not be eligible for such employment if living with his wife who conducted a rooming house; that relief was granted him as well as occasional employment; that the employee remained on friendly terms with his wife, and that they met frequently up to the date of his death; that the employee contributed to his wife's support whenever he was able to and in such amounts as he was able to afford. * * *" The Deputy Commissioner found that at the time of the employee's death appellant was "living apart for justifiable cause." The District Court held that this finding was not supported by substantial evidence.

We think the court was right. The term "justifiable cause" is familiar in connection with divorce and separation. It is substantially equivalent to "a matrimonial offense." We think Congress used the term in its legal sense. No doubt married people may be justified in living apart for any reason that seems to them good; but with possible exceptions not pertinent here, a wife who lives apart does so for what is called "justifiable cause" only when she does so because of her husband's matrimonial misconduct. [4] There is no evidence or claim of misconduct in this case. Appellant concedes that her husband did not desert her. Since she made no objection to his leaving and no attempt to rejoin him, they lived apart by mutual consent. [5] It is true that he did not support her, but there is no evidence that he was able to do so. She thought and the Deputy Commissioner found that he did the best he could for her. His failure to do what he could not do and she did not ask him to do was not a matrimonial offense. [6] A wife who is not supported by her husband, and who voluntarily lives apart from him without great provocation, is unlikely to suffer great emotional or financial loss when he dies. The Act does not entitle such a wife to compensation.

Appellant contends that the court should have remanded the case to the Dep-

---

[1] Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., 44 Stat. 1424, made applicable in the District of Columbia as a workmen's compensation act by D.C.Code, 1929, tit. 19, § 11; Code, 1940, § 36—501; 45 Stat. 600, 33 U.S.C.A. § 901 note.

[2] 33 U.S.C.A. § 902 (16).

[3] Williams v. Lawson, 5 Cir., 35 F.2d 346.

[4] Southern R. Co. v. Cartwright, 64 App.D.C. 288, 77 F.2d 546; In re Newman's Case, 222 Mass. 563, 111 N.E.

359, L.R.A.1916C, 1145; Veber v. Mass. Bonding & Ins. Co., 224 Mass. 86, 112 N. E. 485; Martilla v. Quincy Mining Co., 221 Mich. 525, 191 N.W. 193, 30 A.L.R. 1249; Bjorkstrand v. Klagstad, 262 Mich. 186, 247 N.W. 149; Albee's Case, 128 Me. 126, 145 A. 742. Contra, Broughey v. Mowry Grain Co., 61 R.I. 221, 200 A. 768.

[5] Cf. Parks v. Parks, 73 App.D.C. 93, 116 F.2d 556.

[6] Cf. Veber v. Mass. Bonding & Ins. Co., supra, note 4.

260

uty Commissioner for a possible finding either that appellant was "dependent for support" upon her husband or that she was "living with" him. It is a sufficient answer to say that the evidence would not have supported either finding. Appellant's husband made no regular contributions to her support. Though partial dependency will sustain an award of compensation, occasional contributions will not sustain a finding of partial dependency unless they are "necessary and relied on." [7] There is no evidence that the contributions of appellant's husband were either necessary or relied on. There is strong evidence to the contrary; for appellant testified, in effect, that she earned a modest living by running the rooming house which she and her brother owned, while her husband was on relief.

It has been held that a wife who is obliged by reasons of health, economic necessity, or the like to spend most of her time at a distance from her husband may nevertheless be "living with" him, in the statutory sense, provided they intend to live together in the full sense when they can and are together as much as practicable in the meantime; [8] in other words, there need be little actuality if there is much intention. But in this case there was not much of either. [9] Appellant and her husband were together on an average once in two weeks. Without substantial inconvenience or expense they might have been together much more than this and still have lived where they did. Moreover, little or nothing but their own inclinations prevented them from living together in the ordinary way. Deceiving the relief administration may have been convenient but there is no evidence that it was necessary. Appellant testified that 810 I Street N. W. where her husband lived was a better center for odd jobs than 511 A Street S. E. where she lived; but this would not have supported a finding that economic necessity obliged them to live as they did, in view of her admission that she needed his help in her rooming house and the fact that carfare between the two places would have cost less than he paid for his room.

Affirmed.

---

[7] London Guarantee & Accident Co. v. Hoage, 64 App.D.C. 105, 106, 75 F.2d 236; Harris v. Hoage, 62 App.D.C. 275, 66 F.2d 801.

[8] Moss Tie Co. v. Tanner, 5 Cir., 44 F.2d 928, cert. denied, 283 U.S. 829, 51 S.Ct. 353, 75 L.Ed. 1442; Harrington's Case, 297 Mass. 125, 7 N.E.2d 732.

[9] Cf. In re Nelson, 217 Mass. 467, 105 N.E. 357; Finn v. Detroit, Mt. C. & M. City Ry., 190 Mich. 112, 155 N.W. 721, L.R.A.1916C, 1142.