## McCONCHIE et al. v. REALTY ASSOCIATES, Inc., et al.

### No. 544.

Municipal Court of Appeals for the District of Columbia.

Sept. 22, 1947.

William B. Richardson, of Washington, D. C., for appellants.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiffs, now appellants, filed a complaint, entitled an action for damages for breach of a contract of sale of real estate, alleging that Herman Kadan, contract owner, and Realty Associates, Inc., by its agent, Charles C. Savage, entered into a written contract to sell certain real estate to plaintiffs; that pursuant to said contract on or about May 14 Kadan executed and delivered to plaintiffs a deed to said property upon plaintiffs paying the cash and executing the deeds of trust required by the contract; that in the contract of sale Kadan, Realty Associates, Inc., and Savage agreed to give possession at time of settlement of the contract and guaranteed possession at the latest by June 25, but had never delivered possession; that Kadan, Realty Associates, Inc., and Savage had agreed to serve a 30-day notice on Troy Easterling, the tenant in possession, to quit and vacate on or before June 25 but had failed to do so; that plaintiffs had served a notice to quit on Easterling but had not been able to obtain possession because of the occupancy of Easterling and the failure of Kadan, Realty Associates, Inc., and Savage to deliver possession as required by the contract. Plaintiffs named Kadan, Realty Associates, Inc., Savage and Easterling as defendants, asked damages of $3,000, and demanded a jury trial.

This appeal concerns only the defendants Realty Associates, Inc., and Savage who filed a joint answer, admitting they signed the contract of sale but alleging that the extent of their liability and interest in and under said contract was evidenced by the contract itself, copy of which was filed as an exhibit to the answer; they denied they agreed to give possession at time of settlement or guaranteed possession as alleged by plaintiffs; and they denied agreeing to serve notice to quit on the tenant.

The copy of the contract referred to in the answer is on a printed form at the top of which appears the name Realty Associates, Inc. At the end of the contract appear the printed words "Realty Associates, Inc., Agent By" followed by the signature of Savage. Beneath this appears the following: "We, the undersigned, hereby ratify, accept and agree to the above memorandum of sale and acknowledge it to be our contract this 23 day of March, 1946," followed by the signatures of the plaintiffs as purchasers and Kadan as seller. In a space following paragraph 17 of the contract are typewritten several special provisions, one of which is: "Will guarantee occupancy, at the latest by June 25, 1946." These special provisions were prefaced by the words, "By Agreement H. K., CCS." These initials are apparently those of Kadan and Savage.

After filing their answer Realty Associates, Inc., and Savage moved for summary judgment on the grounds that there was no genuine issue of fact pertaining to them and that the record failed to disclose liability on their part. The answer was not verified and no affidavit was filed in support of the motion. Plaintiffs filed an affidavit in opposition to the motion in which it was stated that before plaintiffs saw the premises Savage told them they would be able to get possession without any trouble; that plaintiffs were doubtful whether they could obtain possession and Savage wrote in the contract "Will guarantee occupancy, at the latest by June 25, 1946"; that relying on Savage's written and oral statements guaranteeing occupancy and possession plaintiffs signed the contract; and that plaintiffs at no time saw or met Kadan.

The trial court granted motion for summary judgment in favor of Realty Associates, Inc., and Savage and this appeal is from that judgment.

■ Rule 51 of the Municipal Court, relating to summary judgments, is substantially the same as Federal Rule of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c. The Supreme Court has stated that the federal rule authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and no genuine issue remains for trial. Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967. More recently the United States Court of Appeals for the District of Columbia has said that "it is well established that one who moves for summary judgment has the burden of demonstrating clearly the absence of any genuine issue of fact, and that any doubt as to the existence of such an issue is resolved against the movant. The courts are quite critical of the papers presented by the moving party, but not of the opposing papers." Wittlin v. Giacalone, App.D.C., 154 F.2d 20, 21.

■ ■ Applying the principles just stated, we think the record does not clearly demonstrate the absence of an issue of fact. One clear-cut issue is made by the allegation of the complaint that these defendants agreed to serve on the tenant a notice to quit on or before June 25 and the flat denial of this in their answer. A more important issue arises from the allegation of the complaint that Kadan and these defendants entered into a written contract to sell plaintiff's property and in said contract agreed to give possession by June 25 at the latest. These defendants in their answer admitted signing the contract but alleged their liability and interest are fixed by the contract itself, and they denied they agreed to give possession at the time of settlement or guaranteed possession. When they admit they signed the contract but deny they are bound by a provision of it, they in effect are saying that they signed in some special capacity or under some special circumstances sufficient to prevent them from being bound thereby. However, there is no allegation of that special capacity or those special circumstances. It could be assumed they signed only as broker in the transaction but that would be only an assumption, for there is no allegation in either complaint or answer to that effect. In the contract[1] the word "agent" appears

---

[1] For purposes of this opinion we assume the copy of the contract filed by defendants to be a true copy of the contract in question; but the record does

after the name of Realty Associates, Inc., but the record gives no explanation of that term, whether it was agent for seller, buyer or some third party.

The record likewise gives no explanation of the initialing of the special provisions by Savage. If Kadan alone was bound by those provisions, why did both Kadan and Savage initial them? In view of the uncontradicted statements in plaintiffs' affidavit that Savage assured them they could get possession of the house without trouble and wrote the guarantee in the contract, and that by reason of Savage's oral and written statements plaintiffs signed the contract, we cannot say that his initialing of the guarantee is of no significance. Whether in so doing he acted for himself, for Realty Associates, Inc., or for Kadan, is a question of fact not answered by the record. From the record, it is certainly not quite clear what is the truth of the matter.

We are not to be understood as indicating in any way that plaintiffs are entitled to a recovery. All we hold is that, viewing the defendants' answer and exhibit critically, and viewing the plaintiffs' complaint and affidavit liberally, these defendants are not entitled to a summary judgment.

Reversed.

---

not establish this. Defendants' answer refers to it as a copy but the answer is not verified, and an unverified pleading is evidence of nothing beyond the "attorney's power of statement." Southern R. Co. v. Cartwright, 64 App.D.C. 288, 77 F.2d 546, 548. No responsive pleading to the answer was required, and consequently the averments therein are not taken as admitted by plaintiffs. The affidavit of plaintiffs does not concede the correctness of the copy.