**GREAT AMERICAN INDEMNITY COMPANY and Townsend Transportation Company**

v.

**Raymond F. BELAIR, Deputy Commissioner, First Compensation District, under the Longshoremen's and Harbor Workers' Compensation Act.**

**Civ. A. 6681.**

United States District Court
D. Connecticut.

July 1, 1957.

On Motion To Amend Findings and Conclusions July 24, 1957.

William E. Glynn of Day, Berry & Howard, Hartford, Conn., for plaintiff.

Simon S. Cohen, U. S. Atty., Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., for defendant.

**J. JOSEPH SMITH, Chief Judge.**

This is an injunction proceeding to review a compensation order of a deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act, pursuant to Sec. 921(b) of Title 33, U.S. C.A. The deputy commissioner found that the claimant, Nettie Horn, married the deceased, John Horn, in 1937; that in 1952, the deceased left the claimant; that in 1955 the deceased was killed in an accident while working for the plaintiff, Townsend Transportation Company; and that the claimant qualifies as a "widow" within the meaning of Sec. 902 (16) and therefore is entitled to compen-

sation under Sec. 909(b). The object of plaintiffs' attack is the finding that the claimant was a "widow" within the definition of Sec. 902(16): "decedent's wife * * * living apart for justifiable cause or by reason of his desertion [at the time of his death]".

The defendant initially asserts that the action for an injunction is barred by the thirty day requirement of Sec. 921(b). The findings of the commissioner were filed on April 12, 1957. This action to review those findings was instituted on May 13, 1957, thirty-one days later. Fed.Rules Civ.Proc. rule 81(a)(6), 28 U.S.C.A., makes the federal rules applicable to this procedure "except to the extent that matters of procedure are provided for in that Act." There is no provision for the computation of time in the Act, and F.R.C.P. 6(a) governs. Since the thirtieth day after the filing of the deputy commissioner's findings was a Sunday, the filing of the motion for an injunction on the next day was timely.

The scope of review of an award under the Act is governed by the Administrative Procedure Act, 5 U.S. C.A. § 1001 et seq. "* * * the findings are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole." O'Leary v. Brown-Pacific-Maxon, 340 U. S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483. There was evidence presented to the commissioner that the separation of the claimant and the deceased was occasioned by the deceased's difficulty with the law, that the separation was with the consent of the claimant, that the deceased returned to the claimant a number of times and that at those times the deceased and claimant lived as man and wife. The main brunt of the plaintiff's argument is that the word "desertion" in Sec. 902(16) is used in its legal sense with respect to divorce and separation awards, relying on Weeks v. Behrend, 1934, 77 U.S.App.D.C. 341, 135 F.2d 258, and that in Connecticut desertion means permanent separation without the consent of the deserted spouse with the intention of not renewing the cohabitation

786

in the future. However, the Supreme Court in Thompson v. Lawson, 347 U.S. 334, 74 S.Ct. 555, 98 L.Ed. 733 has made it clear that recovery under the Act is not dependent on State domestic relations law. cf. Liberty Mutual Ins. Co. v. Donovan, 1955, 95 U.S.App.D.C. 49, 218 F.2d 860. " * * * The essential requirement is a conjugal nexus between the claimant and the decedent at the time of the latter's death". Thompson v. Lawson, supra, 347 U.S. at page 337, 74 S.Ct. at page 557. Of course the Thompson case dealt with the effect of the claimant's marriage to a third party subsequent to the desertion by the decedent, but the rule of the case seems applicable to the present situation. The evidence indicates that after the decedent left the claimant she never knew where he was, was unable to contact him, saw him only on sporadic occasions, and that the deceased in filing his withholding exemption certificate with his employer in 1953 stated that he was single and claimed only one exemption. In the light of these facts it cannot be said that the deputy commissioner did not have substantial evidence on which to base a finding that the claimant was living apart from the decedent by reason of his desertion of her.

The motion for an injunction is denied.

## On Plaintiffs' Motion to Amend Findings and Conclusions

This is an action to review a compensation order of a deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act, Chap. 18, Title 33, U.S.C.A. This court in a memorandum of decision dated July 1, 1957 refused to enjoin the award and in effect affirmed the deputy commissioner's findings that the claimant was the widow of the deceased within the meaning of Sec. 902(16). The plaintiff now moves to amend these findings and conclusions, advancing two theses.

The first thesis is that the "conjugal nexus" requirement of Thompson v. Lawson, 347 U.S. 334, 336, 74 S.Ct. 555, 98 L.Ed. 733, is not an interpretation of the statutory requirement of the "deserted widow" of Sec. 902(16), but is a second requirement to be satisfied if the statutory standards are met. Nothing in the Thompson case indicates that the court was instituting additional criteria. cf. Liberty Mutual Ins. Co. v. Donovan, 1955, 95 U.S.App.D.C. 49, 218 F.2d 860. The claimant in this case was left in South Carolina in 1952 while the deceased roamed through Maryland, Virginia, finally meeting his death in this state in 1955. At no time during this interval was the claimant able to contact the deceased or rely upon him for support. The deceased returned to the claimant twice at his own whim for brief stays. From sometime in 1954 until his death in 1955, the claimant had no direct means of contact with the deceased.

■ Sec. 902(16) in defining the term "widow" establishes two categories: the widow "living with or dependent for support upon" the deceased, and the "deserted widow". Clearly the claimant cannot qualify as a "dependent widow". So long as the "conjugal nexus" of the Thompson case is maintained there would appear to be no legislative reason to create a third class of widow, neither "dependent" nor "deserted", who would be ineligible to receive death benefits. This third class can be created only by adopting the technical definition of "desertion" urged by the plaintiff.

■ The second thesis of the plaintiff is that in the absence of a federal statutory or judicial definition of "desertion" as employed in the Act, the court must look to definitions of desertion in other federal and state laws. Again the Thompson case indicates otherwise, for there the court defined the very word under consideration at bar without recourse to state or federal law.

The plaintiffs' motion to amend the findings of fact and conclusions of law is denied.