**GREAT AMERICAN INDEMNITY COMPANY and Townsend Transportation Company, Plaintiffs-Appellants,**

v.

**Raymond F. BELAIR, Deputy Commissioner, First Compensation District, under the Longshoremen's and Harbor Workers' Compensation Act, Defendant-Appellee.**

**No. 216, Docket 24884.**

United States Court of Appeals Second Circuit.

Argued March 10, 1958.

Decided April 7, 1958.

Bradley B. Bates, Hartford, Conn. (William E. Glynn, Charles W. Page, and Day, Berry & Howard, Hartford, Conn., on the brief), for plaintiffs-appellants.

Herbert E. Morris, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., and Simon S. Cohen, U. S. Atty., D. Conn., Hartford, Conn., on the brief), for defendant-appellee.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and BRENNAN, District Judge.

PER CURIAM.

On this award of compensation under the Longshoremen's and Harbor Workers' Compensation Act to the widow of John Thomas Horn, a deceased longshoreman, the only issue is whether there was substantial evidence to support the deputy commissioner's finding that Mrs. Horn at his death was a surviving wife living apart from her husband by reason of his desertion of her within the meaning of 33 U.S.C. § 902(16). The evidence (mainly from Mrs. Horn) showed that some three years before his death Horn left the family domicile in South Carolina because of legal difficulties arising from his purloining and selling a car; that he contributed little to her support and did not tell her where he was; that she saw him only for two brief visits home, the latter of which was over eight months prior to his death; that during the last eight months she had no word from him or knowledge of his address; and that at his death he was employed on a barge at Noank, Connecticut. In his memorandum of decision Judge Smith carefully analyzed the evidence, and ruled that even though a legal desertion, as defined in the Connecticut or common law of family relations and divorce, may not have been shown, yet the evidence supported the federal requirement and the award as made. We agree and affirm on the decision below. D.C.Conn., 160 F. Supp. 784

Affirmed.