**LAVINO SHIPPING COMPANY**

v.

**P. J. DONOVAN, Deputy Commissioner of the United States Employees' Compensation Commission,**

and

**Anna T. Lou Smith, Intervening Defendant, Appellant.**

**No. 12809.**

United States Court of Appeals
Third Circuit.

Argued April 7, 1959.

Decided May 22, 1959.

Joseph N. Bongiovanni, Jr., Philadelphia, Pa., for appellant.

George D. Sheehan, Philadelphia, Pa. (J. Paul Erwin, Philadelphia, Pa., on the brief) for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Appellee herein instituted a proceeding in the district court pursuant to 33 U.S.C.A. § 921(b) for review of an award of death benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The Deputy Commissioner had made an award to appellant under 33 U.S.C.A. § 909(b) which provides for benefits for the "surviving wife" of a deceased husband. The district court concluded that appellant had not established that she was a person entitled under the Act to receive death benefits and therefore entered judgment for the appellee.

To qualify as a "surviving wife" one must fall within the definition of "widow" contained in 33 U.S.C.A. § 902 (16).[1] See Weeks v. Behrend, 1943, 77 U.S.App.D.C. 341, 135 F.2d 258; Williams v. Lawson, 5 Cir., 1929, 35 F.2d 346. The claim came on for hearing before the Deputy Commissioner, 3rd Compensation District, Bureau of Employees' Compensation, on September 17, 1957. At the inception of the hearing, the Deputy Commissioner addressed the counsel for the claimant and employer, "Mr. Bongiovanni and Mr. Sheehan, am I correct in understanding that the only issue here today is one of dependency?" Both counsel replied that that was correct. There appears to have been some confusion as to what this agreement meant. Appellee urges that it merely

---

1. "The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; or living apart for justifiable cause or by reason of his desertion at such time." 33 U.S.C.A. § 902(16).

meant that the issue would be confined to the question of whether or not the appellant was living apart from her husband "for justifiable cause or by reason of his desertion at such time." From this premise, it goes on to reason that since there was evidence of a "reconciliation" offer by the deceased which was refused by appellant and no evidence or at least no substantial evidence justifying refusal, the terms of the Act were not fulfilled and the award was illegal. The district court so found.

However, a scrutiny of the findings of fact made by the deputy commissioner fails to reveal any that even touch upon the subject of reconciliation. Rather, there is merely a finding that "George Smith deserted Anna T. Lou Smith and she lived apart from him for justifiable cause from 1938 until the time of George Smith's death on March 29, 1956." Admittedly this finding does not appear to be in accord with the agreement already referred to, and we conclude that there definitely was confusion as to what the issue before the commissioner was to comprehend.

The appellant herein requests, in the alternative, that we return the cause to the commissioner for the taking of further evidence. Inasmuch as our authority in regard to review is limited, the appellee contends that such remand is beyond our power and cites to us Lacomastic Corp. v. Parker, D.C.Md.1944, 54 F.Supp. 138; McDonough v. Monahan, D.C.Me.1939, 30 F.Supp. 315; and Gravel Products Corp. v. McManigal, D.C.W.D.N.Y.1936, 14 F.Supp. 414. The first two cases deal with the question of the sufficiency of the evidence to sustain the findings of the commissioner. The adverse parties, after full hearings below, attempted to convince the district courts that they should return the cases in order that more countervailing evidence might be produced. The third case involves the authority of the commissioner under the statute to reopen the hearing and take further evidence. None of them are apposite to the problem posed in the instant case where the commissioner has failed

to make a finding upon the most essential aspect of the claim and, through confusion of the parties, failed to take evidence on this issue.

The policy of the Act with regard to review by the courts is enunciated in Crowell v. Benson, 1932, 285 U.S. 22, 46–47, 52 S.Ct. 285, 286, 76 L.Ed. 598, where it was said:

"Apart from cases involving constitutional rights to be appropriately enforced by proceedings in court, there can be no doubt that the act contemplates that, as to questions of fact arising with respect to injuries to employees within the purview of the act, the findings of the deputy commissioner, supported by evidence and within the scope of his authority, shall be final. To hold otherwise would be to defeat the obvious purpose of the legislation to furnish a prompt, continuous, expert and inexpensive method for dealing with a class of questions of fact which are peculiarly suited to examination and determination by an administrative agency specially assigned to that task. The object is to secure within the prescribed limits of the employer's liability an immediate investigation and a sound practical judgment, and the efficacy of the plan depends upon the finality of the determinations of fact with respect to the circumstances, nature, extent and consequences of the employee's injuries and the amount of compensation that should be awarded."

It is clear that the fact finding is to be accomplished by the administrative agency and not the courts. On review, the courts have only a limited function. In the instant case there has been no finding of fact as to the offer and refusal of reconciliation. This case is similar to Vendemia v. Cristaldi, 1955, 95 U.S.App.D.C. 230, 221 F.2d 103; Cyr v. Crescent Wharf & Warehouse Co., 9 Cir., 1954, 211 F.2d 454; and Hillcone S. S. Co. v. Steffen, 9 Cir., 1943, 136 F.2d 965, in each of which the commissioner had failed to make findings on an es-

sential feature of the case. As a result, the cases were remanded for the making of appropriate findings and in the first two cases the commissioner was authorized to take further evidence. In Cyr v. Crescent Wharf & Warehouse Co., supra, 211 F.2d at page 458, the court directed the commissioner "to try the issue as to whether the second injury was or was not the *natural or the unavoidable* result of the first injury." See also Luckenbach S. S. Co. v. Norton, D.C.E.D. Pa.1939, 41 F.Supp. 105, decided by Judge Kalodner (then a district court judge).

In order that the parties may have an opportunity to fully present all the relevant evidence on the issue of reconciliation and the deputy commissioner may have an opportunity to make appropriate findings of fact on this issue, the judgment of the district court will be vacated and the cause remanded to the deputy commissioner for further proceedings.