The TRAVELERS INSURANCE COMPA-
NY and Turner & Blanchard, Inc.,
Plaintiffs,

v.

Thomas F. HUGHES, Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, Second Compensation District, Defendant.

Civ. A. No. 64-C-856.

United States District Court
E. D. New York.

Feb. 10, 1966.

⊙⇒1682

Terhune, Gibbons & Mulvehill, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., Eastern Dist. New York, Brooklyn, N. Y., Louis E. Greco, Atty. in Charge, Admiralty & Shipping Section, Dept. of Justice, New York City, of counsel, for defendant.

MISHLER, District Judge.

Both parties move for summary judgment in this action brought by the employer and insurance carrier to enjoin the enforcement of a compensation award to defendant dated July 30, 1964. Section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C. § 921.

Plaintiffs base their right to relief on three grounds:

1. The claimant, having asserted the date of accident as September 21, 1955, is estopped from showing the earlier date of accident.

2. The Deputy Commissioner was required to fix a specific date of accident.

3. The failure of the claimant to prosecute the third-party action.

The Deputy Commissioner found that the claimant, Philip J. Kalwasinski, was

injured while he was in the employ of plaintiff, Turner & Blanchard, Inc. "on a day uncertain, during the period from Aug. 17, 1955 to Aug. 19, 1955;" that though he informed the timekeeper that the injury occurred the latter part of August, plaintiff's timekeeper fixed the date of injury as September 21, 1955—the date of termination of claimant's employment with plaintiff; that a third-party action brought by claimant in the State Court was dismissed for lack of prosecution, but that plaintiffs were not prejudiced since the third-party's defense of Statute of Limitations was a bar to the said action.

While moving an ingot of copper on a lighter, claimant slipped and fell, injuring his back. The claimant testified that he suffered low-back pains. He, nevertheless, continued to "shape up" and work for the employer, Turner & Blanchard, Inc., for approximately three or four weeks. The pain became so acute that he terminated his employment with Turner & Blanchard, Inc. on September 21, 1955.

The claimant received the first treatment for the injury claimed from the employer's doctor, Dr. Tagligambe, on November 2, 1955. Claimant testified that prior to receiving that treatment, the doctor required some "slip" or authorization from the employer. Though the claimant insisted that the injury occurred during the latter part of August, 1955, the employer's authorization fixed the date of injury as September 21, 1955, i.e., the date of termination of employment. Thereafter, all medical reports and other documents repeated the error.

In September, 1958, and prior to September 21, 1958, claimant instituted an action in the New York State Supreme Court, County of Kings, against the third-party, Seas Shipping Co., Inc. The third-party was represented by the law firm of Galli, Terhune, Gibbons and Mulvehill, predecessor to the attorneys for the plaintiff in the instant action. The vessel discharging cargo (S.S. ROBIN HOOD) was moored at Pier 3, Erie Basin Terminal, in Brooklyn, from August 17th to August 22nd; it discharged copper ingot in the period from August 17th to August 19th. In an examination before trial in that action, it was disclosed that the ship, S.S. ROBIN HOOD, was not at the pier at the time alleged in the complaint, i.e., September 21, 1955, and that plaintiff was barred by the Statute of Limitations, three years having elapsed prior to the institution of suit. Defendants moved to dismiss for lack of prosecution and the motion was granted.

■■ Standards of review of awards granted under the Act are governed by the Administrative Procedure Act, 5 U.S. C. §§ 1001–1039. See Strachan Shipping Co. v. Calbeck, 1961, S.D.Tex., 190 F. Supp. 255, aff'd, 1962, 5th Cir., 306 F.2d 693, cert. denied, 1963, 372 U.S. 954, 83 S.Ct. 950, 9 L.Ed.2d 978. Such judicial review is strictly limited to a scrutiny of the administrative record and the only questions which the Court may properly consider are (1) whether the award is contrary to law, and (2) whether the administrative findings of fact are supported by the record. Lavino Shipping Co. v. Donovan, 1959, 3d Cir., 267 F.2d 59; Great Am. Indem. Co. v. Britton, 1960, D.D.C., 186 F.Supp. 938, rev'd on other grounds, 1961, 110 U.S.App.D.C. 190, 290 F.2d 381, cert. denied, 368 U.S. 900, 82 S.Ct. 178, 7 L.Ed.2d 95.

■ The Administrative Procedure Act requires the Court to accept the findings of the Deputy Commissioner unless they are irrational or unsupported by substantial evidence in the record considered as a whole. O'Keeffe v. Smith, Hinchman & Grylls Ass'n. Inc., 1965, 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (per curiam); O'Leary v. Brown-Pac.-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; see Universal Camera Corp. v. NLRB, 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. Thus, the Deputy Commissioner has the responsibility of selecting the more reasonable inferences, Coscia v. Willard, 1958, 2d Cir., 257 F.2d 105, cert. denied, 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113, and if his choice "has substantial roots in the evidence and is not forbidden by the law,"

the Court must grant summary judgment dismissing the complaint; and this is so even if the Court may not have reached the same conclusion in a de novo determination. O'Keeffe v. Smith, Hinchman & Grylls Ass'n, Inc., supra. Accordingly, the Deputy Commissioner's findings of fact are presumed correct, Pan Am. Airways, Inc. v. Willard, 1951, S.D.N.Y., 99 F.Supp. 257, and the plaintiffs bear the burden of disproving them. Burley Welding Works, Inc. v. Lawson, 1944, 5th Cir., 141 F.2d 964.

Plaintiffs first point is in effect an attack on the claimant's credibility. Substantial evidence supports a finding that the injury occurred "on a day uncertain, during the period from Aug. 17, 1955 to Aug. 19, 1955." No authority has been cited by plaintiffs to support the position that would deny compensation benefits to an employee for asserting an erroneous date of injury; nor is there any reason to set aside the award because the specific date of injury was not fixed in the findings of the Deputy Commissioner. The Findings of Fact *specifically* fixed the time of injury with the event,[1] and place.

■ The inability of the claimant to fix the date of injury again bears on the issue of credibility, and reflects on the validity of the claim. It is for the Deputy Commissioner to assess the credibility of the witnesses. Southern Stevedoring Co., Inc. v. Henderson, 1949, 5th Cir., 175 F.2d 863. The failure to find the specific date of injury is not fatal to the claim. Substantial evidence supports the finding that the injury occurred between August 17th and August 19th, 1955.

■ The claim of prejudice by failing to prosecute the third-party action is without force. It is clear that the third-party action was barred at the time it was instituted. The election to proceed against third-parties is solely within the claimant's discretion. Section 33 of the Act [33 U.S.C. § 933]. The finding by the Deputy Commissioner that plaintiffs were not prejudiced by a dismissal of the suit is amply supported by the record.

Plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment dismissing the complaint is granted.

---

1. The Deputy Commissioner found that the injury occurred "while performing the task of 'walking' a slab of copper * * *."