# FULINARA v. UNITED STATES.

## Civ. 1004.

United States District Court
D. Hawaii.
May 5, 1953.

G. W. Hedman, Honolulu, Hawaii, for plaintiff.

A. William Barlow, U. S. Atty., District of Hawaii, and Winston C. Ingman, Asst. U. S. Atty., District of Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

## 1. Statement of the Case

On May 23, 1942, Bernabe F. Fulinara, plaintiff's eldest son, 19 years of age, died in line of duty while in the military service of the United States in the Philippine Islands. At the time of his death, he had not applied for National Service Life Insurance. However, under provisions of 38 U.S.C.A. § 802(d) (3) (B), he is deemed to have applied for and been granted such insurance aggregating $5,000 from the time of siege or isolation of the Philippines by enemy forces.

Bernabe F. Fulinara having died unmarried and childless, under provisions of 38 U.S.C.A. § 802(d) (5) and 802(d) (2) (C), death insurance benefits are payable to his dependent mother and father, if living, in equal shares. Claims for insurance benefits were filed with the Veterans' Administration by both the dependent mother of the insured and the plaintiff herein, as the dependent father. The mother's claim was allowed in part, and already has been paid in the sum of $2,500. On the ground of insufficient evidence showing dependency, the plaintiff's claim was disallowed. Upon appeal, the Board of Veterans' Appeals affirmed the ruling of the Administrator.

The plaintiff commenced this suit under 38 U.S.C.A. § 817 to seek a judgment for one-half of the insurance proceeds. The parties have filed an agreed statement of facts. The only issue before this Court is whether, on the basis of the stipulated facts, the plaintiff was a dependent of the insured within the meaning of 38 U.S.C.A. § 802(d) (2) (C).

## 2. Construction of the Term "Dependent"

Unfortunately, the National Service Life Insurance Act, 38 U.S.C.A. § 801 et seq. (hereinafter cited N.S.L.I.Act), gives no definition of the term "dependent." The legislative history of Public Law 360, 55 Stat. 844 (1941), which, in part, added Section 802(d) (2) to the N.S.L.I.Act, is silent concerning the construction of "dependent." See Senate Report No. 917, 77 Cong., 1st Sess. (1941); 87 Cong.Record 9821 (1941). Consequently, upon the judiciary is imposed the inescapable responsibility of determining what Congress meant.

■ The words "dependent mother or father of the insured" in Section 802(d) (2) (C) mean more than a bare legal relationship. Section 802(h) (3) provides that, upon the death of a beneficiary, the unpaid benefits will be paid to person or persons within certain classes in specified order, the third category being "the parent or parents of the insured". However, with respect to automatic insurance benefits, Congress discriminatingly specified "dependent mother or father of the insured". By the use of the word "dependent" in Section 802(d) (2) (C), Congress must have meant something more than bare legal relationship, unlike in Section 802(h) (3) (C). Furthermore, Section 802(d) (5) provides that, where required as a basis for a claim, dependency of the applicant shall be proved by evidence satisfactory to the Administrator. Thus, the term "dependent" must mean factual dependency.

■ In determining factual dependency under the N.S.L.I.Act, the plaintiff presses upon this Court the criterion set forth in 38 U.S.C.A. § 203. That section provides that, in considering pension claims of dependent parents of deceased disabled veterans, it shall be necessary only to show that such parents "are without other present means of support than their own manual labor or the contributions of others not legally bound for their support." Section 203 applies only to dependents of persons who served in the armed forces prior to the Spanish-American War. See 38 U.S. C.A. § 717. Surely Congress did not intend the use of such an old criterion of limited applicability in administering the N.S.L.I.Act.

■ What is the status of factual dependency required by Section 802(d) (2)

(C)? Partial dependency is sufficient. In Leyerly v. United States, 10 Cir., 162 F. 2d 79, 87 (10 Cir., 1947), Judge Murrah stated, "The law surely does not contemplate that the father or mother shall be destitute or wholly dependent upon the insurance benefits in order to survive."

### 3. The Facts are Insufficient to Show Dependency

■ Upon the plaintiff rests the burden of proving the claim against the United States. This remains true despite the government's neutral position in this controversy. Rule 55(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides,

> "No judgment by default shall be entered against the United States * * * unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

Thus the plaintiff is put to prove that he was a dependent father at the time of the insured's death. 38 U.S.C.A. § 802(d) (2) (C) and 802(d) (5).

The stipulated facts show that the plaintiff left the Philippine Islands for Hawaii in 1930, leaving behind his wife and three minor sons. Another son was born shortly after his departure. Prior to World War II, the plaintiff regularly remitted financial contributions from his income as a sugar plantation worker toward the support of his family in the Philippines. The plaintiff's earnings at the time of the insured's death, and for a reasonable time preceding, were $73.19 per month. His average monthly remittance to his family, prior to World War II, was five dollars. Remittances were made from 1930 until September 1941 and resumed in December 1946. The fruits from the family farm in the Philippines together with the plaintiff's financial contributions were sufficient to provide his family in the Philippines with a bare minimum standard of living. Prior to World War II, the insured was a student and contributed nothing to the support of the plaintiff's family other than his time and labor on the farm. The facts further indicate that the insured joined the military forces on December 8, 1941 and contributed nothing to the family's support while in service.

■ The facts above are insufficient to establish the plaintiff's partial dependence on his insured son at the time of the latter's death. Cases arising under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., hold that the fact that a father was earning enough to support himself alone does not preclude dependency. A father has the moral and legal obligation to support his wife and minor children. If his earnings are inadequate to meet this burden, he is partially dependent on his children who contribute to the family's support. See Wende v. McManigal, 2 Cir., 1943, 135 F. 2d 151; Pocahontas Fuel Co. v. Monahan, 1 Cir., 1930, 41 F.2d 48. This Court believes the above test to be sound and equitable.

Applying the above test in this case, this Court finds that the plaintiff's earnings were inadequate to meet the burden of supporting his wife and minor children in the Philippine Islands. However, in order that the plaintiff be deemed to have been partially dependent on his insured son, the latter must have contributed to the family's support at the time of his death. The stipulated facts show that the insured son contributed nothing to the family's support after entering the military service. In both the Wende and Pocahantas Fuel Co. cases, in which the courts found the fathers to be partially dependent, there was evidence that the decedent sons made financial contributions to the families' support.

### 4. Conclusion

■ Accordingly, this Court is of the opinion that the stipulated facts are insufficient to show that the plaintiff was a dependent father of the insured at the time of the latter's death as required by 38 U.S.C.A. § 802(d) (2) (C) and 802(d) (5).

Judgment for defendant.