**Basilio T. MORETO, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. 3244–51.

United States District Court
District of Columbia.

Oct. 11, 1955.

Carl L. Shipley, Washington, D. C., for plaintiff.

Thomas E. Walsh, Dept. of Justice, Washington, D. C., for defendant.

LETTS, District Judge.

The plaintiff makes claim for gratuitous insurance in the sum of $2,000 under the provisions of the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. The case has been submitted to the court for decision on a stipulation of facts, the depositions of plaintiff and Francisco P. Monge and written arguments.

The agreed facts are as follows:

1. Salvador M. Moreto served as a member of the Philippine Army from December 8, 1941, until April 9, 1942, when he was declared to be in a beleagured status; thereafter he was classified as being in a missing in action status from April 9, 1942 to April 11, 1943 on which date his death was presumed to have occurred by Army authorities for pay purposes and settlement of accounts.

2. The Veterans Administration determined that death occurred on April 10, 1942, for insurance purposes.

3. At the time of his death Salvador M. Moreto had National Service Life Insurance in the sum of $3,000 in force, this contract of insurance having been issued upon his application which was made effective February 1, 1942, under certificate No. N–1 680 132.

4. After his death the Veterans Administration awarded the proceeds of this $3,000 insurance contract of National Service Life Insurance to the designated beneficiaries, one of whom was the plaintiff, Basilio T. Moreto, father of the insured, who was designated as beneficiary of a one-third portion and who has been paid insurance benefits at the rate of $5.51 per month from April 10, 1942.

5. The plaintiff thereafter filed a claim for gratuitous insurance with the Veterans Administration on September 16, 1946, in the sum of $2,000 as the alleged surviving dependent parent of said Salvador M. Moreto, under the provisions of Section 602(d)(2) of the National Service Life Insurance Act, 38 U.S.C.A. § 802(d)(2).

6. Automatic insurance in the amount of $2,000 was established by the Veterans Administration on the life of Salvador M. Moreto on July 21, 1947. This sum, together with the $3,000 aforementioned contract of National Service Life Insurance, aggregated the minimum of $5,000 specified in Section 602(d)(2) of the Act 38 U.S.C.A. § 802(d)(2).

7. The Veterans Administration considered the plaintiff's claim for gratuitous insurance and finally rejected it on appeal in a decision dated April 8, 1949, upon the ground that the plaintiff's income on the date of the insured's death was sufficient for his reasonable support and maintenance; that he was not dependent on his son, Salvador M. Moreto, within the meaning of the law; and that dependency had not been established as of the date of his son's death.

8. The Veterans Administration notified the plaintiff by letter dated April 8, 1949, that his claim for insurance had been finally denied.

9. Thereafter, on August 7, 1951, the plaintiff brought this suit against the United States for the purpose of recovering gratuitous insurance in the sum of $2,000 on the theory that he was a dependent parent within the meaning of the statute and entitled to gratuitous insurance.

It is further stipulated that the only question presented for decision is whether the plaintiff was a dependent father on April 10, 1942, the date of his son's death.

Gratuitous insurance is payable under the provisions of the National Service Life Insurance Act, as amended, to a limited class of beneficiaries consisting of widow or widower, child or children, dependent mother or father of the insured, and in the order named. 38 U.S.C.A. § 802(d)(2). As the deceased veteran was not survived by a widow or child, the plaintiff is the only person

within the restricted class of beneficiaries eligible to receive gratuitous insurance benefits and his right to collect the proceeds is contingent upon a showing that he was dependent upon his son on April 10, 1942, the date of the veteran's death. This is the only issue in the case, as the veteran met his death while serving with the armed forces in the Philippines at a time when he only had National Service Life Insurance which he had applied for in the amount of $3,000 in force and $2,000 gratuitous insurance was established by the Veterans Administration under the statute, this being the difference between the contract insurance in force and the amount of gratuitous insurance authorized by the statute.

Under the statute, dependency must be established as of the date of the veteran's death, Section 802(d)(5) of Title 38 U.S.C.A., reading in pertinent part as follows:

"* * * the relationship and dependency of the applicant, where required as a basis for such claim, shall be proved as of date of death of insured by evidence satisfactory to the Administrator * * *."

The regulation of the Veterans Administration which is followed in determining whether dependency exists is Regulation 1057 (38 C.F.R.Cum.Supp. Section 2.1057), reading in pertinent part as follows:

"(a) Dependency will not be held to exist if the father or mother, or both, have an income sufficient to provide for their reasonable support and maintenance, including clothing and necessary medical treatment for themselves and members of the family under legal age, or of any age if mentally or physically incapacitated.

"(b) In determining the amount of income in a given case, account will be taken of the net income from property of every character owned by the mother or father or other members of the family under legal age, and of the earnings received by such father or mother or such other members of the family under legal age. Account will not be taken of the incomes of other members of the family of legal age, but only of the actual contributions made by such members of the family. Amounts received under State and Federal laws in the form of old age assistance are to be considered as income for the purpose of determining the dependency of parents. If it is considered that the parent is dependent, notwithstanding the income from this or other source, an appropriate determination may be made to that effect. The entire corpus of the estate of the claimant as well as income will be considered in determining dependency.

"(c) The fact that the veteran has made habitual contributions to his father or mother, or both, is not conclusive evidence that dependency existed.

"(d) The fact that the father or mother * * * is in receipt of pension or compensation under the laws administered by the Veterans' Administration or receives benefits under the World War Adjusted Compensation Act, as amended, or the Adjusted Compensation Payment Act, 1936, will be disregarded in determining dependency, as will also the receipt of any donations or assistance from charitable sources."

The burden of proving dependency is upon the plaintiff. It is necessary to determine the construction which is to be put upon the words "dependent mother or father" as they are used in the statute. The courts have not often been called upon to construe same but in Fulinara v. United States, D.C., 111 F. Supp. 769 it was said that the words "dependent mother or father" means more than a bare legal relationship. The court in that case thought that the term "dependent" must mean factual dependency.

Relevant facts are found in the depositions which are inconsistent with plaintiff's claim of dependency.

(1) That the plaintiff was employed as an assistant manager and accountant of a large hardware store (with stock valued at not less than 100,000 pesos) and also supervised two rice mills for the same owner or employer during the critical three months period prior to April 10, 1942, and while so engaged earned a salary of 150 pesos per month. Also during this period he received the additional sum of 40 pesos per month from what he described as "side line work" as an accountant in the store of another.

(2) During this three months period the plaintiff employed and paid the salaries of a housekeeper and a housemaid.

The second fact is perhaps more significant than the first. Manifestly, if the plaintiff was able to employ and pay the salaries of a housekeeper and a housemaid he was not dependent upon his son.

Plaintiff testified in his deposition that he last saw his son in June of 1941 when the son was attending the University of the Philippines and that his son was then dependent upon him. Plaintiff does not testify and there is no evidence to show that the son ever contributed to the plaintiff's support.

It appears that the plaintiff was at all times when the son was in the military service an assistant manager and accountant of a sizeable store and at the same time supervisor of certain rice mills and was in complete charge of the store and the rice mills during the critical period with which we are now concerned and saw to it that all employes at both places, five or six in the store and four in the rice mills were regularly paid when the plaintiff was himself entitled to substantial compensation for his services. It would seem that if plaintiff did not regularly receive his compensation it was a matter of his own choice.

Upon the whole record it appears that there is no factual basis for plaintiff's claim of dependency. Fulinara v. United States, supra; Leyerly v. United States, 10 Cir., 162 F.2d 79.

The plaintiff may not invoke Philippine law, which gives a parent a right to his minor son's earnings (as of April 10, 1942 plaintiff's son was 18 years and 7 months of age) since the question of dependency is one of Federal, not State or Territorial law. Wissner v. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed 424; Pack v. United States, 9 Cir., 176 F.2d 770.

The commonly accepted meaning of the word "dependent" connotes one who looks to another for support in whole or in part. It means one who is in fact dependent; one who relies on another for the reasonable necessities of life. The words "dependent" and "dependency" run like a thread through the fabric of our law, in our tax laws, in our workmen's compensation acts, federal employers' liability acts, domestic relations, insurance, wills, death by wrongful act parent and child, selective service act. It would serve no useful purpose to mention all uses of the terms in our statutes and our law. The cases interpreting the terms are legion and are in general agreement.

The plaintiff has failed to show that he was a dependent father at the time of his son's death.

Counsel for defendant will present for settlement findings of fact, conclusions of law and a judgment form dismissing the complaint.